## Hoag & Alger *versus* Lake Shore and Michigan Southern Railroad Co.

1. Where it is alleged that an injury arose from negligence the question of the proximate cause is to be decided by the jury upon all the facts of the case, but where the facts are undisputed, and the intervening agency is manifest, it is not error for the court to withhold the evidence from the jury.

2. In determining what is proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act.

3. Pennsylvania Railroad Co. *v.* Kerr, 12 P. F. Smith 353, followed. Pennsylvania Railroad Co. *v.* Hope, 30 P. F. Smith 373, and Raydure *v.* Knight, 2 W. N. C. 713, distinguished.

October 18th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1877, No. 174.

Case brought by H. W. Hoag and George C. Alger, doing business as Hoag & Alger, for use of F. S. Hoag, against the Lake Shore and Michigan Southern Railroad Company, to recover damages for the alleged negligence of defendant.

Plaintiffs owned an oil lease in Oil City, near the track of defendant. The railroad of defendant runs along the right bank of Oil creek, at the base of a high and precipitous hill. On the 5th of April 1873, during a rain storm, a slide of earth and rocks came down the side of the hill and lodged on defendant's track. A short time after this slide fell, a train, consisting of seventeen cars of crude petroleum, ran into the slide. The train was thrown from the track and the oil cars bursting, the petroleum was ignited by the fire from the engine. The oil thus ignited, ran into the creek, and was carried down the stream some three or four hundred feet, and set fire to the buildings of the plaintiffs, which were totally destroyed. The creek at the time was quite high, and reached the buildings of plaintiffs, so that the burning oil, as it was carried down the stream, came directly in contact with them. From the point where the slide fell, the track of the railroad is in view for several hundred feet, but it was in evidence, that owing to the wet condition of the track, the engine could not have been stopped within that distance.

The third point of plaintiffs, which the court, Trunkey, P. J., refused, was as follows: "That if the jury believe from the evidence that the accident complained of was the result of negligence on the part of the defendant, and that by reason of such negligence the oil, ignited by the engine attached to the train, ran immediately down to Oil creek, where it was carried by the current, in the space of a few minutes, to the property of the plaintiffs, where it set fire to and destroyed said property, the plaintiffs are entitled to recover, provided they did not, in any manner, contribute to said accident."

[Hoag *v.* Lake Shore & Michigan Southern Railroad Co.]

In their general charge the court said :—

" The immediate, and not the remote cause, is to be considered. This maxim is not to be controlled by time or distance, but by the succession of events. Whether the fire communicated to the plaintiffs' property within a few minutes, or after the lapse of hours, from the negligent act, may be immaterial. Whether the property was near the alleged cause, or at a considerable distance, may not affect the question of liability. The question is, did the cause alleged produce its effects without another cause intervening, or was it to operate only through, or by means of this intervening cause ? A warehouse, very near the track of the company's road, ⟩ was set on fire by reason of negligence of the company. From the burning warehouse, only thirty-nine feet distant, stood a hotel, which took fire and was destroyed. It was held that the company was only liable for the injury done to the warehouse, but not for · the hotel, because of the intervening agency of the warehouse ° between it and the act done by the company : Pennsylvania Railroad Co. *v.* Kerr, 12 P. F. Smith 353. In that case C. J. THOMPSON said : ' The sparks from the locomotive did not ignite the hotel. They fired the warehouse and the warehouse fired the hotel. They were the remote cause, the cause of the cause of the hotel being burned. * * * To hold that the act of negligence which destroyed the warehouse destroyed the hotel, is to disregard sequences entirely, and would hold good if a row of buildings a mile long had been destroyed.' He approvingly cites Ryan *v.* N. Y. Central Railroad Co., 35 N. Y. 210, where by the carelessness of defendants' servants its own wood-shed was burned, the heat and sparks of which set fire to plaintiff's house, situate one hundred and thirty feet from the shed, and was entirely consumed, and it was decided that the railroad company was not answerable to the plaintiff for the loss of his house, being burned by fire communicated by the burning shed. In Oil Creek & A. Railroad *v.* Keighron, 24 P. F. Smith 316, it was held that ' if the cars were attached to the engine when the fire broke out, and quickly ignited, and burned with the engine, the whole being a connected train upon the track, and the burning mass directly, without any intervening agency, set fire to and destroyed the plaintiff's house, the cause was not too remote. In affirming this, the court referred to the cases 12 P. F. Smith 353, and 35 N. Y. 210, where the destruction between remote and proximate cause will be found fully discussed.

[" Applying the principles in these three cases to the fact in evidence, or as assumed in the plaintiff's third point, we are compelled to answer that they are not entitled to recover. The plaintiff's property was several hundred feet away from where the accident occurred and where the oil was set on fire. The property was set on fire directly by the heat or sparks of the oil burning on the track. The oil ran down to Oil creek, was carried by the current

[Hoag v. Lake Shore & Michigan Southern Railroad Co.]

down the creek, and set fire to the plaintiff's property. The intervening agency was the current of water in Oil creek. Without that agency the plaintiffs would not have been injured.] To hold the defendant answerable for this loss, would be on the same principle that the defendant would be answerable for all losses occasioned to other persons by reason of the burning oil floating down the current. If that burning oil, thus carried, directly fired bridges, wharves, warehouses and other property, over and along the stream for a great distance, every owner could recover his loss from the defendant if it is liable to the plaintiffs. If the current of water is not an intervening agency, the cause is proximate; if it is, the cause is remote. The result depends not on time or distance, but on the presence or absence of an intervening agency. Whether the fire be carried by running water, over which the defendant has no control, or through its own wood-shed, or through the warehouse of another, can make no difference unless it be held that water is not an intervening agency in carrying and communicating the fire."

The court then directed a verdict for defendants.

The plaintiffs took this writ, assigning for error the refusal of the foregoing point, and that portion of the charge in brackets.

*Charles W. Mackey*, for plaintiffs in error.—It was for the jury to say, from the evidence, whether, from the time the obstruction was struck by the defendants' engine, to the time the plaintiffs' property was set on fire, there was a continuous succession of events, and that those events were so linked together that they became a complete and united whole; or whether there were intervening agencies—agencies that could not have been foreseen, and which should not have been anticipated, and that through the interposition of these, the succession was so completely ruptured that the destruction of the property could not be said to be the natural and reasonable result of the original negligence of the defendant: Pennsylvania Railroad Company v. Hope, 30 P. F. Smith 373, and Raydure, Watson & Co. v. Knight, 2 W. N. C. 713.

*McCalmont & Osborn*, for defendant in error.—The injury in this case is much more remote than in the case of the Pennsylvania Railroad Co. v. Kerr, 12 P. F. Smith 353. In that case the hotel stood only thirty-nine feet from the warehouse that took fire from the sparks of the locomotive; while in this case the property was burned two hundred and fifty to three hundred feet from the place where the oil took fire. If the defendant is liable for the loss of the plaintiff's property, they would also have been liable had the burning oil set the bridge on fire or burned the boats in the river a mile below.

The case of the Pennsylvania Railroad v. Hope, 30 P. F. Smith 373, does not rule this case. In that case it was one continu-

ous fire. There was no intermediate agent in it, any more than there would be if a building was fired at the roof and from thence communicating with the balance of the building, and burning it all. While in this case, without the waters of Oil creek being swelled to an unusual height, the fire from the burning oil could not have been communicated to or reached the plaintiff's property. Had the waters of the creek been at an ordinary height the burning oil would have run into the road or into the creek, or both, and been consumed without injuring plaintiff's property.

Mr. Justice PAXSON delivered the opinion of the court, November 19th 1877.

This was an action on the case to recover compensation for certain property destroyed by fire, caused, as was alleged, by the negligence of the defendants. The facts, so far as they are essential to elucidate the point in controversy, are as follows: The plaintiffs were the occupiers of a piece of land situated within the limits of Oil City, on the western bank of Oil creek. The railroad of defendants is constructed along said creek, over the land of the plaintiffs and at the base of a high hill. On the afternoon of April 5th 1873, during a rain storm, there was a small slide of earth and rock from the hill-side down to and upon the railroad. About ten minutes prior to the accident, one of the defendants' engines had passed over the road in safety. At that time no slide had occurred. This engine was followed in a few minutes by another engine drawing a train of cars loaded with crude oil in bulk. The latter engine ran into the slide, was thrown off the track, ran on about one hundred to one hundred and fifty feet, when the tender, which was in front of the engine, was overturned into Oil creek; the engine itself was partly overturned; two or three oil cars became piled up on the track and burst. The oil took fire, was carried down the creek, then swollen by the rain, for several hundred feet, set fire to the property of the plaintiffs and partly consumed it. The question of negligence in defendants' engineer in not seeing the obstruction and stopping his train before reaching it is not raised upon this record, and need not be discussed. The only question for our consideration is, whether the negligence of the defendants' servants was the proximate cause of the injury to the plaintiffs' property. The answer to the plaintiffs' third point, embraced in the second specification of error, raises this question distinctly. The court was asked to say: "That if the jury believe from the evidence, that the accident complained of was the result of negligence on the part of the defendant, and that by reason of such negligence, the oil, ignited by the engine attached to the train, ran immediately down to Oil creek, where it was carried by the current in the space of a few minutes to the property of the plaintiffs, when it set fire to and destroyed said property, the plain-

tiffs are entitled to recover, provided they did not in any manner contribute to said accident." The court answered this point in the negative, and then instructed the jury that as a matter of law, upon the facts in the case, the plaintiffs were not entitled to recover, which instruction is assigned here for error.

It was strongly urged that the court erred in withdrawing the case from the jury, and the recent cases of Pennsylvania Railroad Co. *v.* Hope, 30 P. F. Smith 373, and Raydure *v.* Knight, 2 W. N. C. 713, were cited as supporting this view. In the case first cited it was said by the chief justice, in delivering the opinion of the court, "We agree with the court below that the question of proximity was one of fact peculiarly for the jury. How near or remote each fact is to its next succeeding fact in the concatenation of circumstances from the prime cause to the end of the succession of facts which is immediately linked to the injury, necessarily must be determined by the jury. These facts or circumstances constitute the case, and depend upon the evidence. The jury must determine, therefore, whether the facts constitute a succession of events, so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause, the negligence of the defendants." The case of Raydure *v.* Knight, was meagrely presented; the charge of the court was not sent up, and a majority of the court were of opinion that no sufficient cause for reversing the judgment had been shown. I am unable to see any special bearing this case has upon the question before us. The doctrine laid down in the Railroad Co. *v.* Hope, and to be gathered incidentally perhaps from Raydure *v.* Knight is, that the question of proximate cause is to be decided by the jury upon all the facts in the case; that they are to ascertain the relation of one fact to another, and how far there is a continuation of the causation by which the result is linked to the cause by an unbroken chain of events, each one of which is the natural, foreseen, and necessary result of such cause. But it has never been held that when the facts of a case have been ascertained, the court may not apply the law to the facts. This is done daily upon special verdicts and reserved points. Thus in the Railroad Co. *v.* Kerr, 12 P. F. Smith 353, a case bearing a striking analogy to this, the court submitted the question of negligence to the jury, but reserved the question of proximate cause upon the undisputed facts of the case. Of course this could not have been done if the facts were in dispute. A reserved point must be based upon facts admitted in the cause or found by the jury. In questions of negligence it has been repeatedly held that certain facts when established amount to negligence *per se :* Railroad Co. *v.* Stinger, 28 P. F. Smith 219; McCully *v.* Clarke, 4 Wright 399; Pennsylvania Railroad Co. *v.* Barnett, 9 P. F. Smith 259; while in Raydure *v.*

Knight, *supra*, the court below, in answer to the defendants' second point, instructed the jury that if certain facts were believed by them, the negligence complained of was the proximate cause of the injury to plaintiff's property. This ruling was affirmed by this court. I do not understand the decision in the Railroad Co. *v.* Hope, to be in conflict with this view. It remains to apply this principle to the case before us. There is not a particle of conflict in the evidence, so far as it affects the question of proximate cause. This was doubtless the reason why the plaintiffs assumed the facts in their third point. They would not have been justified in doing so had not the facts been admitted, nor is it likely the learned judge would have answered it. We may, therefore, regard the plaintiff's third point as a prayer for instructions upon the undisputed facts of the case. Can it be doubted that the court had the right to give a binding instruction? We think not.

But one question remains. Was the negligence of the defendants' servants, in not seeing the land-slide, and stopping the train before reaching it, the proximate cause of the destruction of the plaintiff's property? We need not enter into an extended discussion of the delicate questions suggested by this inquiry. That has been done so fully in two of the cases cited as to render it unnecessary. A man's responsibility for his negligence and that of his servants must end somewhere. There is a possibility of carrying an admittedly correct principle too far. It may be extended so as to reach the *reductio ad absurdum*, so far as it applies to the practical business of life. We think this difficulty may be avoided by adhering to the principle substantially recognised in The Railroad Company *v.* Kerr, and The Railroad Company *v.* Hope, *supra*, that in determining what is proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence— such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act. This is not a limitation of the maxim *causa proxima non remota spectatur;* it only affects its application. There may be cases to which such a rule would not apply, but this certainly is not one. It would be unreasonable to hold that the engineer of the train could have anticipated the burning of the plaintiff's property as a consequence likely to flow from his negligence in not looking out and seeing the land-slide. The obstruction itself was unexpected. An engine had passed along within ten minutes, with a clear track. But the obstruction was there, and the tender struck it. The probable consequences of the collision, such as the engineer would have a right to expect, would be the throwing of the engine and a portion of the train off the track. Was he to anticipate the bursting of the oil-tanks; the oil taking fire; the burning oil running into and being carried down the stream; and the sudden rising of the waters of the stream, by

means of which, in part at least, the burning oil set fire to the plaintiff's building? This would be a severe rule to apply, and might have made the defendants responsible for the destruction of property for miles down Oil creek. The water was an intervening agent, that carried the fire, just as the air carried the sparks in the case of the Railroad Company *v.* Kerr. It is manifest that the negligence was the remote and not the proximate cause of the injury to the plaintiff's building. The learned judge ruled the case upon sound principles, and his judgment is affirmed.