# Downey *v.* Philadelphia Traction Co. & Phila. & Reading R. R., Appellants.

*Negligence—Railroads—Streets—Railways—Joint tort feasors.*

In an action against a railroad company and a street railway company to recover damages for personal injuries suffered by plaintiff, a passenger in a street car, it is proper to submit the case to the jury where there is evidence that the driver of the street car did not stop, look or listen before going upon the railroad company's tracks, and that when the street car was upon the tracks the gateman of the railroad company carelessly lowered the gate and kept the car on the track without any means of escape.

In such a case a judgment upon a verdict against both companies will be sustained.

Argued March 22, 1894.   Appeals, Nos. 212 and 229, Jan. T., 1894, by defendants, the Phila. Traction Co. and the Phila. & Reading Railroad Co., from judgment of C. P. No. 4, Phila. Co., June T., 1893, No. 1039, on verdict for plaintiff, Rosanna Downey.  Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.  Affirmed.

Trespass for personal injuries.   Before ARNOLD, J.

At the trial, it appeared that on Dec. 4, 1892, plaintiff was a passenger in one of the Traction Company's cars going east along Columbia avenue.   As the street car was crossing American street, a car pushed by an engine of the Reading Railroad Company ran into the street car and injured plaintiff.   The driver of the street car admitted that he did not stop before going upon the tracks.   He described the accident as follows:

"As I came down Columbia avenue, before I got to American street I kind of slackened up a little, and looked to my right and saw everything was clear.   I looked to my left, but the cabooses on the west track hid my view, and when I got in the center of the track this engine came down without tolling of the bell, without any headlight on the back of the tender, . . . . but the west gate was up, and when I got in the center the east gate was down, and I was shut off completely from all possibility of escape, was cut off from any chance to get away at all."

The Reading Railroad Company offered no testimony.

Binding instruction for the Traction Co. was refused.

The Railroad Co.'s points were, among others, as follows:

"4. If the jury believe that the traction driver did not come to a stop before crossing the railroad, he was guilty of negligence, and your verdict can be against the Traction Company alone."   Refused. [1]

"5. If you find, from the evidence, that if the traction car-driver had performed his duty, to stop, look and listen, no accident would have occurred, and by reason of neglecting to stop, look and listen the accident did occur, that relieves the Reading Company, and your verdict must be against the Traction Company alone."   Refused. [2]

8. Request for binding instructions.   Refused. [3]

Verdict for plaintiff against both defendants for $1,000.   A

motion for a new trial was dismissed in an opinion by AR-
NOLD, J., 3 Dist. R. 81.   Judgment accordingly.   Both de-
fendants appealed.

*Error assigned* by the Traction Co. was instruction, quoting
it.

*Errors assigned* by the Railroad Co. were (1–3) refusal of
its points, quoting them.

*Thomas Leaming*, for Traction Co., appellant.—The Traction
Co., one of the appellants, took this appeal merely to effect a
supersedeas in order to prevent an execution against it alone,
pending the appeal of the Railroad Co., a co-defendant, a judg-
ment against both defendants having been recovered by plain-
tiff below.

As negligence on part of both defendants was shown with-
out contradiction in the court below, the result reached was
accurate.

*Gavin W. Hart*, for Railroad Co., appellant, cited: Downey
v. R. R., 3 Dist. R. 81; Bunting v. Hogsett, 139 Pa. 363;
Hummell v. R. R., 44 Pa. 375; Wile v. Express Co., 64 Pa.
201; Schertle v. R. R., 97 Pa. 450; Frazier Bros. v. Lloyd, 23
W. N. 178; Fox v. Borkey, 126 Pa. 164; Campbell v. Ry.,
139 Pa. 522; Chilton v. Traction Co., 152 Pa. 425; 1 Wei-
mer's Railroad Law, 468; R. R. v. Boyer, 97 Pa. 91; Green-
wood v. R. R., 124 Pa. 572; R. R. v. Frantz, 127 Pa. 297;
Ehrisman v. R. R., 150 Pa. 180; Wheelahan v. R. R., 150 Pa.
187.

*Patrick F. Dever* and *Emanuel J. Page*, for appellee, not
heard.

PHILADELPHIA & READING R. R. CO.'S APPEAL.

PER CURIAM, May 21, 1894:

The testimony in this case presented questions of fact which
were for the exclusive consideration of the jury.   It tended to
prove that both companies defendant were guilty of negligence
which resulted in the injury complained of.   The case was

fairly submitted to the jury with instructions which appear to be adequate and free from any error of which either defendant has any just reason to complain. A discussion of the testimony would consume time and serve no useful purpose. There is nothing in the record that would justify us in sustaining either of the specifications of error.

Judgment affirmed.

### PHILADELPHIA TRACTION CO.'S APPEAL.

Per Curiam, May 21, 1894:

There was sufficient evidence of negligence to carry this case to the jury, and justify them in finding that both companies defendant were guilty of negligence that resulted in the injuries complained of by the plaintiff. There was a verdict and judgment against both, and each took a separate appeal. For reasons briefly stated in the appeal of the Philadelphia & Reading Railroad Company, No. 229 Jan. T., 1894, we think there is nothing in the record that would warrant a reversal of the judgment. The case involved questions of fact which were exclusively for the consideration of the jury, and it was fairly submitted to them with instructions in which we find no error.

Judgment affirmed.