# Dannenhower *v.* Western Union Telegraph Company, Appellant.

*Negligence—Telegraph company—Live wire—Death.*

In an action against a telegraph company to recover damages for death, it appeared that an unused telegraph wire which belonged to the defendant, or was under its control, fell across an electric light feed wire of an electric light company. The telegraph wire had been connected with a call box which had been removed some months before the accident. The wire had fallen three or four weeks before. One end of it extended down so near the pavement that children reached and played with it; the other end was wrapped around an iron pole. The deceased was a trimmer in the employ of the electric light company, and was killed by an electric shock while engaged in placing carbons in a lamp attached to the pole. There was no evidence to show that the deceased had not taken due care. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

*Negligence—Proximate and remote cause—Intervening act.*

A negligent act may be the proximate cause of an injury, although not the sole nor immediate cause, where the intervening act is set in motion or induced by the negligent act and the consequence is one that should have been foreseen.

Argued April 2, 1907. Appeal, No. 106, Jan. T., 1907, by defendants, from judgment of C. P. No. 1, Phila. Co., June T., 1900, No. 414, on verdict for plaintiff in case of William Dannenhower by his next friend and guardian, Ambrose Higgins, v. Western Telegraph Company and the Philadelphia Local Telegraph Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's father. Before BIDDLE, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. B. Gill,* with him *John R. Read, Silas W. Pettit* and *Louis B. Runk,* for appellant.—The negligence of the owner of the wire reaching from the tree to the drug store was not the proximate cause of the accident: Behling v. S. W. Penna. Pipe Lines, 160 Pa. 359; Marsh v. Giles, 211 Pa. 17; Bannon v. Railroad Co., 29 Pa. Superior Ct. 231; Elliott v. Light Co., 204 Pa. 568; Stone v. Boston, etc., Railroad Co., 171 Mass. 536 (51 N. E. Repr. 1).

*Francis Fisher Kane,* with him *Warren C. Graham, John J. Green* and *Beck & Robinson,* for appellee.—The question of proximate cause was rightly submitted to the jury: Daltry v. Media Electric Light, etc., Co., 208 Pa. 403; Aument v. Tel. Co., 28 Pa. Superior Ct. 610; Turton v. Powelton Electric Co., 185 Pa. 406; Fitzgerald v. Edison Electric Illuminating Co., 200 Pa. 540; Western Union Tel. Co. v. State, 82 Md. 293 (33 Atl. Repr. 763); Southern Bell Tel., etc., Co. v. McTyer, 137 Ala. 601 (34 So. Repr. 1020); Jackson v. Wisconsin Tel. Co., 88 Wis. 243 (60 N. W. Repr. 430); Dillon v. Allegheny County Light Co., 179 Pa. 482; Herron v. Pittsburg, 204 Pa. 509.

OPINION BY MR. JUSTICE FELL, May 13, 1907:

An unused telegraph wire, which it was alleged belonged to

the defendant or was under its control, fell across an electric light feed wire of the Northern Electric Light Company. The telegraph wire had been connected with a call-box which had been removed some months before the accident. The wire had fallen three or four weeks before. One end of it extended down so near the pavement that children reached and played with it; the other end was wrapped around an iron pole. The deceased was a trimmer in the employ of the electric light company, and was killed by an electric shock while engaged in placing carbons in a lamp attached to the pole.

A reversal of the judgment for the plaintiff is asked on the grounds (1) that there was no sufficient evidence that the telegraph wire belonged to the defendant or was under its control; (2) that the falling of the wire was not the proximate cause of the accident; (3) that the presence of the wire and the danger because of its contact with the electric light wire must have been known to the deceased as he ascended the pole.

That the wire was controlled by the defendant was not questioned at the trial, and while there was no direct proof of its ownership, there was proof that it had been connected with a Western Union call-box, and the defendant put in evidence a blue print, made the day after the accident, on which the wire was marked " W. U. Telegraph wire." This by way of admission supplied any defect in the formal proof of ownership. There was evidence that children had been pulling on the loose end of the telegraph wire and that the electric light wire on which it rested had sagged and there were burned marks on the frame of the lamp. Sparks had been emitted by the telegraph wire two weeks before the accident. Two theories of the cause of the accident were advanced at the trial. That of the plaintiff was that the deceased came in contact with the telegraph wire which had been charged by its contact with the electric light wire; that of the defendant that he came in contact with the frame of the lamp which was charged from the electric wire which had been pulled down and brought in contact with it. If the latter theory were correct, it would not follow that the defendant was relieved of responsibility, because it was its wire that either caused the sagging of the electric light wire by dragging it down or was the means by which children drew it down. The latter was a

consequence to be foreseen and guarded against and it did not break the causal connection between the defendant's negligence and the injury. A negligent act may be the proximate cause of an injury although not the sole nor immediate cause, where the intervening act is set in motion or induced by the negligent act and the consequence is one that should have been foreseen. In Marsh v. Giles, 211 Pa. 17, relied on by the appellant, the injury to the plaintiff was caused by the unrelated act of a third party and was not a probable consequence of the defendant's wrongful act.

The questions of proximate cause under the conflicting testimony and of contributory negligence were properly submitted. As to the latter there was no evidence that the deceased had not taken reasonable care to avoid every danger, knowledge of which could be imputed to him.

The judgment is affirmed.