## Johnson v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Injury to person on sidewalk—Collision between car and wagon—Proximate cause.*

Where a woman while in a safe place on a sidewalk is struck and injured by a wagon thrown upon the sidewalk by an electric car, she may recover damages for her injuries from the street railway company where it appears that the motorman approached a side street from which the wagon emerged, without proper control of his car and thus struck the wagon. In such a case the negligence of the motorman was the proximate cause of the injury.

Argued Oct. 17, 1913. Appeal, No. 137, Oct. T., 1913, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1912, No. 458, on verdict for plaintiff in case of Emma Johnson v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, P. J.

The circumstances of the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $942.97. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*Chester N. Farr, Jr.*, for appellant.—The negligence of the appellant, if any, was not the proximate cause of the accident: Wood v. Penna. R. R. Co., 177 Pa. 306; S. S. Pass. Ry. Co. v. Trich, 117 Pa. 390.

*Morton Z. Paul*, for appellee.—Defendants' negligence was the proximate cause of the accident: Gibson v. Bessemer & Lake Erie R. R. Co., 37 Pa. Superior Ct. 70; McCaughey v. American Ice Co., 45 Pa. Superior Ct. 370; Prinz v. Lucas, 210 Pa. 620; McGettigan v. Quaker City Automobile Co., 48 Pa. Superior Ct. 602; Walsh v. R. R. Co., 222 Pa. 162; Cameron v. Traction Co., 216 Pa. 191; Donnelly v. Phila. & Reading Ry. Co., 53 Pa. Superior Ct. 78; Loughlin v. R. R. Co., 240 Pa. 174.

OPINION BY ORLADY, J., February 20, 1914:

The plaintiff was sitting on a chair on a twelve feet wide pavement, by a bulk window in front of a shop at the corner of Meredith and Twenty-third streets in Philadelphia, when an accident happened to her on September 17, 1912, about eight o'clock, P. M. and it is conceded that she was not guilty of any contributory negligence. The defendant's street car was going south on Twenty-third street on a down grade and as it came opposite to Meredith street, which intersects Twenty-third street at right angles, it violently collided with a horse and wagon which at that instant emerged from Meredith street and threw the wagon onto the plaintiff, so as to seriously injure her.

It is rightly urged by appellant that before the plaintiff can recover damages from the defendant, she must affirmatively show that the negligence of the defendant's motorman was the proximate cause of the accident. The negligence of the motorman must be shown either through the excessive speed at which he was driving the car, or by negligence in the handling of it under the circumstances or by a failure to give reasonable notice of the approach of the car. It is conceded that no warning was given by the motorman, and as the driver of the wagon testified that he saw the car coming when it was 150 feet away from Meredith street, that item of evidence is not material in view of the other facts of the case.

Meredith street is a frequently used public highway and ends at Twenty-third street, so that all traffic on it must turn into Twenty-third street. The motorman was at his proper place and in charge of the appliances to control the car, and testified that he could stop the car within half its length. He knew the locality and of the use of Meredith street by drivers and wagons. There was a lighted gas lamp at the corner, but the driver of the wagon could not see along the street he was entering upon until he would be beyond the building line of the street, at which time the horse and part of the wagon would be in full view of the motorman on the approaching car.

The wagon driver testified that when he came in view of the street car, it was 150 feet distant from him, and had it continued at the speed it was then moving there was ample time to cross the car tracks or if the car had approached at reasonable speed. The horse and front part of the wagon had crossed the tracks when the street car struck the rear wheel of the wagon with such violence that the rear part of the wagon broke off an iron lamp post, dragged down the awning posts at the second store from the corner and threw part of the wreckage on top of the plaintiff. The physical conditions furnished con-

clusive evidence of great force and under all the facts it became a question of fact for the jury to decide whether the car of the defendant was operated with care according to the circumstances. The motorman had a reasonable right to expect that a horse or wagon would come out of Meredith street, and knew that there was not enough space between the car tracks and the curb line so that it would be obliged to cross over the track. If the driver, when he passed the building line could see the street car 150 feet distant, it conclusively follows that the motorman could see the horse for a greater distance. He admits that he could stop his car within half its length and the jury was warranted in believing that he was negligent in not having it under better control at that time. The speed of the car was not the determining question in fixing the liability. Due care under the circumstances is always the rule to be observed. We held in McCaughey v. Ice Co., 45 Pa. Superior Ct. 370, that the employer of a driver of a heavy wagon was liable where in making a turn on a sloping roadway at such speed that the wagon skidded and struck a milk wagon, and it in turn struck a woman standing in a safe place on the pavement. A similar rule was applied in Prinz v. Lucas, 210 Pa. 620; McGettigan v. Automobile Co., 48 Pa. Superior Ct. 602; Walsh v. Railroad Co., 222 Pa. 162; Reichle v. Transit Co., 241 Pa. 1. The wrongful act in this case was the negligent operation of the car by the motorman, who did not use the care demanded by the law, in approaching a street crossing with his car under such control as he admits he could exercise over it, and his negligence was the proximate cause of the injury, as without it there would not have been any accident. The horse and wagon coming out of Meredith street would not have caused her injuries because it was going in a different direction. The car changed that direction so as to strike her while she was in a safe place and where she had a right to be.

In Loughlin v. P. R. R. Co., 240 Pa. 174, it was held

that "Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault), to produce the plaintiff's injury so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible even though his negligent act was not the nearest cause in the order of time."

In applying these rules of law to the facts disclosed by this record, as they have been fairly found by the jury, to which they were adequately presented, there is no reason for complaint by the defendant either as to the form of submission or to the conclusion reached.

The judgment is affirmed.