# O'Malley v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Concurrent negligence—Joint liability—Points for charge—Refusal.*

1. Where an injury results from the concurrent negligence of several persons, they are liable jointly and severally.

2. Where a trolley car moving at an excessive speed collided with a wagon which was being negligently driven across the tracks, causing the wagon to skid and strike a pedestrian standing on the curb, the street railway company and the owner of the wagon were properly made codefendants in an action by the pedestrian to recover damages for injuries sustained.

3. In such case the refusal of a point submitted by the owners of the wagon, that if the jury found there was no negligence on the part of the driver of the wagon, a verdict should be found in their favor, did such defendant no harm where the trial judge charged the jury that plaintiff could not recover unless he had shown that both defendants had been negligent.

Argued Jan. 15, 1915.   Appeals, Nos. 149 and 168, Jan. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1913, No. 4022, on verdict for plaintiff, in case of Patrick O'Malley v. Philadelphia Rapid Transit Company and Henry A. McCleman and William G. McCleman, trading as H. A. McCleman & Brother.   Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,200 and judgment thereon. Defendants appealed.

*Errors assigned* were answers to points and the refusal of the court to direct a verdict for defendants.

*Bernard J. O'Connell,* for Philadelphia Rapid Transit Company, appellant.—The defendants were not joint tort-feasors: Bard & Wenrich v. Yohn, 26 Pa. 482; Wiest v. Electric Traction Company, 200 Pa. 148.

*Frank P. Prichard,* with him *James Wilson Bayard,* for McCleman & Brother, appellants.—McCleman & Brother were entitled to an instruction that the jury might find in favor of them and against the transit company and the refusal of the court so to charge the jury was error: Baker v. Hagey, 177 Pa. 128; Turton v. Powelton Electric Company, 185 Pa. 406; Wiest v. Electric Traction Co., 200 Pa. 148; Minnich v. Lancaster & Lititz Ry. Electric Co., 203 Pa. 632; Goodwin v. Coal Township, 206 Pa. 621; Sturtzebecker v. Inland Traction Co., 211 Pa. 156; Gilfillan v. King, 239 Pa. 395.

*Francis M. McAdams,* with him *William H. Wilson,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 1, 1915:

On the morning of October 23, 1912, Patrick O'Malley, the appellee, was standing on a pavement near the curb at the northwest corner of Twentieth and Garrett streets, in the City of Philadelphia, with his back towards the former street. A wagon owned by the firm of H. A. McCleman & Brother was being driven west on Garrett street, and when it reached Twentieth street a car of the Philadelphia Rapid Transit Company coming from the south, collided with it. Twentieth street was paved with asphalt, and a recent rain had made it wet and slippery. The collision caused the rear end of the wagon to skid over the slippery street toward the curb, where the appellee was standing, and it struck and injured him. This action was brought against the Philadelphia Rapid Transit Company and H. A. McCleman & Brother for a joint tort, and, under instructions that there could be no recovery by the plaintiff unless the jury found that both of the defendants had been negligent, a verdict was returned against them, from the judgment on which both have appealed.

We shall first consider the appeal of the Philadelphia Rapid Transit Company. It raises the question of the right of the plaintiff to recover in this joint action. The position taken by the transit company appears in the following point, which the trial judge refused to affirm: "Inasmuch as the plaintiff has declared on a joint tort, and as the evidence discloses that the injury which he received was the result of two separate acts of two separate defendants, not acting in concert and without common intent, there has been an improper joinder of parties, and this action cannot be maintained in its present form."

The negligence of which the jury found the Philadelphia Rapid Transit Company guilty was the dangerous rate of speed at which its car was moving up Twentieth street; but this negligence in itself resulted in no injury to the plaintiff. The negligence of which H. A. McCle-

man & Brother were convicted was the failure of the driver of their wagon to observe proper care in driving across Twentieth street as the car was approaching it from the south; but this negligence of the driver, in itself, caused no injury to the plaintiff. What injured him was the collision, which was the direct result of the combined negligence of the two defendants, and, for the immediate consequences of what they jointly brought about they are, and ought to be, jointly accountable, even though the plaintiff might have sued them separately, joint wrongdoers being liable both jointly and severally. In support of its contention the transit company relies mainly on the following utterance in Bard and Wenrich v. Yohn, 26 Pa. 482: "To entitle a plaintiff to a verdict against several defendants as joint trespassers, it must appear that they acted in concert in committing the trespass complained of. Where one person aids, assists, or employs another to commit a trespass, or assents to its commission, having an interest therein, a joint action will lie; but where two or more commit separate trespasses, or do separate acts tending to produce injury to another without concert, there is no joint liability, and consequently there can be no joint recovery. Williams v. Sheldon, 10 Wend. 654; Watt v. Ogden, 12 Wend. 39. 'To render one man liable in trespass for the acts of others, it must appear either that they acted in concert, or that the act of the individual sought to be charged ordinarily and naturally produced the acts of the others': 19 J. R. 382. The doctrine is also distinctly stated by Mr. Justice Kennedy in Weakly v. Royer, 3 Watts 460, that separate acts of trespass where there is no concert will not authorize a joint recovery, although the injury may be common and produced in part by each of the acts complained of. One is liable for his own tortious act, or for that of his agent or servant, when done by his direction or with his assent; and sometimes, where he neither directs the act nor assents to its commission, when it is done for his benefit." These

words were used in connection with a state of facts totally different from those involved in the present case. The mere statement of them clearly shows that the trespasses of which Yohn complained were separate and distinct, and in no manner involved Bard and Wenrich in a joint liability for the injuries sustained. Bard was an innkeeper in the City of Reading. While an agricultural fair was in progress his stables and yard became filled with horses and carriages, and he placed one or two rows of the vehicles of his guests along the street in front of his inn. Elijah Wenrich, a son of the codefendant, drove into the city and, unhitching his horses, tied them to the tongue of his wagon, on the side of the street opposite Bard's tavern. The carriages and vehicles thus placed upon one side of the street and Wenrich's wagon and horses on the other took up the greater portion of the thoroughfare, rendering the space between them so narrow that carriages could not pass at that point. Wenrich's horses were hitched to the tongue of the wagon by chains, which, it is alleged, were too long. When they were stretched, the horses would reach nearly across the street to the carriages upon the other side. As Yohn, the plaintiff, was riding past Wenrich's horses one of them sprang back and gave him a violent kick, breaking his leg and throwing him off his horse against the hub of a carriage on Bard's side of the street, which he struck with his hip, causing lameness, which it was alleged would be permanent. It thus appears that there was no concurrent negligence between Bard and Wenrich's son which was the proximate cause of the injury to Yohn. It is true that what was said in the foregoing case has been repeated in later cases, but always where, as there, it appeared that, in the action for a joint tort, the real complaint was of two or more separate and independent trespasses, not concurring in causing the injuries. This was the situation in Wiest v. Traction Company, 200 Pa. 148, which seems to be overlooked by learned counsel for appellant citing it as authority in

support of his contention.    Four years after Bard and
Wenrich v. Yohn was decided the correct general rule
as to joint liability for a tort was thus announced by Mr
Justice STRONG, in Klauder v. McGrath, 35 Pa. 128:
"The rule often recognized is, that when an injury has
resulted from the concurrent negligence of several per-
sons, they are jointly responsible.    Thus, if a passenger
be injured by a negligent collision of the trains of two
railroad companies, he may maintain one action against
both:  Colegrove v. New York and Harlam and New
York and New Haven Railroad Companies, 6 Duer 382."
In the case at bar the jury found that both defendants
were negligent, and, if so, their concurrent negligence
undoubtedly resulted in the collision.    But for their con-
current action, the plaintiff would not have been injured.
They are, therefore, jointly answerable for the collision
and for the consequences resulting directly from it.
This is the well-settled law in other jurisdictions, state
and federal, and our own cases so hold.    "The general
rule undoubtedly is, if a person suffers injury from the
joint negligence of two parties, and both are negligent in
a manner which contributes to the injury, they are liable
jointly and severally, and it would seem in principle to be
a matter of no consequence that one of them is a com-
mon carrier.    Neither the comparative degree of care
required, nor the comparative degrees of culpability es-
tablished, can affect the liability of either": Bunting v.
Hogsett, 139 Pa. 363.    In Downey v. Philadelphia Trac-
tion Company and Philadelphia & Reading R. R., 161
Pa. 588, the plaintiff, a passenger in a car of the traction
company, was injured through a collision of the car in
which she was riding with a train of the Philadelphia &
Reading Railroad Company.    She sued the two com-
panies jointly.    The question squarely presented to the
court below was whether both defendants could be joined
in the one action, and in a learned opinion by the late
Judge ARNOLD, of Court of Common Pleas, No. 4, of the
County of Philadelphia, he held that they were properly

joined. What was so held we affirmed in a per curiam opinion, in which we said of the testimony that "it tended to prove that both companies defendant were guilty of negligence which resulted in the injury complained of." The assignments of error filed by the Philadelphia Rapid Transit Company are overruled.

The appeal of the transit company's codefendants raises another question, which may be briefly disposed of. In a point submitted by them the court was asked to instruct the jury that, if they found there was no negligence on the part of the driver of the wagon, the verdict should be for the defendants, H. A. and M. G. McCleman. The refusal of this point did the appellants no harm, for the learned trial judge distinctly charged the jury that the plaintiff could not recover unless he had shown that both defendants had been negligent. This was followed by the further explicit instruction that, "if either one was not negligent, then the plaintiff cannot recover. If both were negligent, then the plaintiff may recover." The jury found that both had been negligent. The assignments of error on this second appeal are also overruled and the judgment is affirmed.