# Wheelock *v.* Erie Railroad Company, Appellant.

*Negligence—Railroads—Accident at crossing—Proximate and remote cause—Evidence.*

In an action against a railroad company to recover damages for injuries to a horse, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the driver of the plaintiff's team, traveling upon a public road, approached a railroad crossing at grade, and, observing a team drawing a loaded wagon on the same public road approaching the railroad-croossing from the opposite direction, stopped on the public highway, about 100 feet from the crossing, to allow the passing of the loaded team, and, when the loaded team, without negligence, came upon the crossing, it was struck by defendant's train, operated in a negligent manner, and a part of its load consisting of gas or water pipe was thrown against the plaintiff's horse, breaking its leg.

Argued April 12, 1915.   Appeal, No. 173, April T., 1915, by defendant, from judgment of C. P. Crawford Co., Nov. T., 1913, No. 64, on verdict for plaintiff in case of D. D. Wheelock v. Erie Railroad Company. , Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for injuries to plaintiff's horse.   Before PRATHER, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $250.    Defendant appealed.

*Error assigned* was refusal to give binding instructions for defendant.

*George F. Davenport,* for appellant.—The engineer's negligence was not the proximate cause of the injury: Wood v. Penna. R. R. Co., 177 Pa. 306; Hoag v. Lake Shore, Etc., R. R. Co., 85 Pa. 293; South Side Pass. Railroad Co. v. Trich, 117 Pa. 390.

*Frank J. Thomas,* for appellee, cited: Johnson v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 20.

OPINION BY TREXLER, J., October 11, 1915:

The facts as stated by the lower court were as follows: "The driver of the plaintiff's team, traveling upon a public road, approached a railroad crossing at grade, and, observing a team drawing a loaded wagon on the same public road approaching the railroad crossing from the opposite direction, stopped on the public highway, about 100 feet from the crossing, to allow the passing of the loaded team, and, when the loaded team, without negligence, came upon the crossing, it was struck by defendant's train, operated in a negligent manner, and a part of its load consisting of gas or water pipe was thrown against the plaintiff's horse, breaking its leg."

Was the negligence of the defendant company the proximate cause of the damages to the plaintiff's property?    The rule of law is stated in Hoag v. Lake Shore & Michigan Southern Railroad, 85 Pa. 293, "In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence, as under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act."    Was the result of defendant's negligence

such as is usual and might have been expected according to the usual course of things? Each case of course, must be decided with reference to its own particular facts. The appellant relies upon Wood v. Pennsylvania R. R. Co., 177 Pa. 306. In that case an intending passenger was standing on a station platform fifty feet from the railroad tracks, waiting for a train. An express train approaching rapidly threw the body of a woman who had been hit at a nearby crossing against him and injured him. The Supreme Court sustained the entry of a nonsuit. We think that case and the one at bar are distinguishable. The striking of the man by the woman's body, thrown by the train, was unusual. As was said by the lower court in that case (4 D. R. 121) : "The engineer could anticipate that if he ran too rapidly or failed to blow the whistle or ring the bell that he might strike a woman on the crossing and that she would be injured: but would he anticipate that her body would be carried over the distance, indefinite under the testimony, between the crossing and the platform, and there be thrown against a man in such a way as to harm him? There is a possibility of such a result because it actually occurred, but it is the most remote kind of a possibility. It did not even appear that the woman's body was directly propelled by the force of the blow received from the engine." Apart from the above facts the lower court and the Supreme Court in said case, both held that the negligence of the engineer did not cause the accident. ·

That accidents are liable to happen at railroad crossings, is unfortunately too well known to be the subject of argument. When a load of pipe is struck it is likely that the contents will be scattered in all directions, and that injury will ensue. The ordinary experience of mankind tells us, that in the usual course of events, the impact of a rapidly moving train with a load of pipe is likely to injure anyone in the vicinity who may be waiting to cross the tracks. The distance at which the injury is suffered is not conclusive; it is only a fact to be

considered.   As was said by the lower court, "That a grade crossing of a public highway and a railroad is dangerous to travelers on the highway at this point is uniformly conceded.   It is expected that travelers on the highway may get upon the track and be run down unless due care is exercised both by the railroad and traveler. The traveler is confronted with the law's mandate, "stop, look, listen."   It is not an unnatural or improbable situation that several teams, obedient of this mandate, might be waiting at a crossing for an opportune time to cross. It is not an unnatural or an unexpected result that out of a collision between a train and a wagon on a crossing, parts of the demolished wagon or its load be thrown against or upon innocent bystanders, not only innocent, but doing just what the law has commanded them to do for their own safety."

The striking of the plaintiff's horse was the direct effect of the engineer's carelessness.   In McCaughey v. Am. Ice Co., 45 Pa. Superior Ct. 370, the plaintiff recovered for injuries occasioned by the negligence of a driver of a heavy wagon, who turned on a sloping road at such speed as to cause his wagon to skid and to strike a milk wagon, which in turn struck the plaintiff who was standing in a safe place on a pavement.   In Johnson v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 20, recovery was had for injuries sustained by a woman who was in a safe place on the sidewalk and was struck by a wagon, which was thrown upon the sidewalk by the impact of an electric car.   The negligence of the motorman was held to be the proximate cause of the injury.

All the assignments of error are overruled and the judgment affirmed.