## Mellon v. Lehigh Valley Railroad Company.

*Negligence—Contributory negligence—Proximate cause—Non-suit.*

Where it appears in the plaintiff's case that a woman, standing by the side of defendant's railroad track, at a grade crossing, was struck by a wooden pole which had been broken by an automobile which was struck by defendant's train, and there was testimony from some of the plaintiffs' witnesses as to the speed of the train, as to whether warning of its approach to the crossing was given, and as to the grade of the track and grade of the street and other circumstances, the question whether defendant was negligent, and if so, whether the negligence was the proximate cause of the injury, must be submitted to a jury.

Rule to show cause why compulsory non-suit should not be stricken off. C. P. Northampton Co., April T., 1922, No. 102.

*T. McKeen Chidsey,* for plaintiffs; *E. J. & J. W. Fox,* for defendant.

STEWART, P. J., Oct. 29, 1923.—This is a rule to show cause why a non-suit should not be stricken off. The facts are correctly stated in the remarks we made to the jury. We granted the non-suit on the theory that it was the duty of the court to decide the question of proximate cause, and that Mrs. Mellon's accident was not caused by anything which the defendant could have foreseen and provided against. We felt bound by the case of Wood *v.* Pennsylvania R. R. Co., 177 Pa. 306; see, also, 4 Dist. R. 119. In that case the lower court entered a non-suit, and the Supreme Court, in a careful opinion, affirmed it. After defining proximate cause, and stating the facts of the case, it was held "that plaintiff was not entitled to recover, because *(a)* the defendant's negligence was not the proximate cause of the injury; *(b)* the injury was due to the negligence of the deceased woman." It is very difficult to distinguish that case from the present case, when it is studied in the light of the opinions of Judge Pennypacker, of the lower court, and Mr. Justice Dean, of the Supreme Court. The case was discussed by Judge Trexler in Wheelock *v.* Erie R. R. Co., 61 Pa. Superior Ct. 145, but that case is plainly distinguishable from the Wood case and from the present case from the fact that the

loaded team was struck by the defendant's train and was without negligence. The same element of want of negligence in the driver of a milk wagon which struck a woman standing on the pavement appears in McCaughey v. American Ice Co., 45 Pa. Superior Ct. 370. In Johnson v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 20, again there is the same want of negligence in the driver of a wagon which was thrown against a woman standing on the pavement, and again in Howarth et ux. v. Adams Express Co., 269 Pa. 280, where an auto-truck, without any fault on its part, was struck by another auto-truck driven negligently, and the former crashed into a building, injuring the occupant; there was no negligence in the former truck. In the present case, however, the negligence of the driver of the automobile that was struck by the defendant's train and thrown against a post, which post struck Mrs. Mellon, must be conceded. It is only necessary to refer to Bernstein v. Pennsylvania R. R. Co., 252 Pa. 581; Benner v. Phila. & Reading Ry. Co., 262 Pa. 307, and Kipp v. Central R. R. Co. of New Jersey, 265 Pa. 20, to hold that the driver could not recover. In the remarks that we made to the jury, we were of the opinion that it was our duty to say, as a matter of law, that the driver's conduct was the proximate cause of the injury for which the suit was brought. The law that governs the entry of a non-suit is stated by Mr. Justice Green in Jacques v. Fourthman, 137 Pa. 428, as follows: "The court below having granted a compulsory non-suit and refused to take it off, the evidence given by the plaintiff must be taken to be true, together with every inference of fact which the jury might lawfully draw from it: Miller v. Bealer, 100 Pa. 583; McGrann v. Railroad Co., 111 Pa. 171; Jones v. Bland, 116 Pa. 190. A peremptory non-suit is in the nature of a judgment for defendant on demurrer to evidence, and if there is any evidence, no matter how slight, if it is more than a mere scintilla, which alone would justify an inference of the disputed facts on which the plaintiff's right to recover depends, it must be submitted to the jury: Hill v. Trust Co., 108 Pa. 1." In the present case, considering the locality, the grade of the railroad and of the street, the use of the street, the speed of the train, the alleged failure to give notice of its approach and other circumstances, a jury might conclude that the defendant was negligent, although they would render a verdict in its favor as between it and the driver of the automobile, holding that the latter's action was defeated by his contributory negligence. In fact, the very definition of contributory negligence presupposes the negligence of the defendant, co-operating with the negligence of the plaintiff. Juries are not permitted in this State to weigh the degrees of negligence. Where the contributory negligence of the plaintiff contributes in any degree to the injury, he cannot recover. As between the plaintiffs, therefore, and the defendant in this action, the contributory negligence of the driver of the automobile is of no significance unless it is shown to be an independent cause of Mrs. Mellon's injury. In The S. S. Pass. Ry. Co. v. Trich et ux., 117 Pa. 390, the syllabus is: "Where, in an action for negligence, the fact is undisputed in the evidence that the injury received was inflicted by an intervening agency over which the defendant had no control, the question of remote or proximate cause must be determined by the court and the jury instructed accordingly." Other illustrations are: Marsh v. Giles, 211 Pa. 17; Nirdlinger v. American District Telegraph Co., 245 Pa. 453; Rhad v. Duquesne Light Co., 255 Pa. 409; Bruggeman et al. v. City of York, 259 Pa. 94, and Kelly v. Phila., Balt. & Wash. R. R. Co., 270 Pa. 149. In the old case of Hoag & Alger v. Lake Shore & Michigan South. R. R. Co., 85 Pa. 293, the syllabus is: "Where it is alleged that an injury arose from negligence, the question of the proximate cause

4 D. & C.

### Mellon v. Lehigh Valley Railroad Company.

is to be decided by the jury upon all the facts of the case; but where the facts are undisputed and the intervening agency is manifest, it is not error for the court to withhold the evidence from the jury. In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act." In Bunting v. Hogsett, 139 Pa. 363, the syllabus is: "Ordinarily, the question of proximate cause is for the jury; but when the facts are not in dispute, it is for the court to determine whether or not an injury was the natural and proximate consequence of the negligence complained of—a consequence likely to flow from the negligent act. One who commits an act of negligence will he held to have foreseen and to be responsible for whatever consequences, in the nature of things, may ensue therefrom, without the intervention of some other independent agency, although, in advance, the result actually occurring might have seemed improbable. The inquiry must always be, whether there was any intermediate cause, disconnected from the primary fault and self-operating, which produced the injury. If there was not, the defendant's act of negligence must be considered as the proximate cause of all the consequences resulting therefrom." In Dannenhower v. Western Union Telegraph Co., 218 Pa. 216, the syllabus is: "A negligent act may be the proximate cause of an injury, although not the sole nor immediate cause, where the intervening act is set in motion or induced by the negligent act and the consequence is one that should have been foreseen." In Wallace v. Keystone Automobile Co., 239 Pa. 110, the syllabus is: "The proximate cause of an accident imposing liability is the dominant and efficient cause which acts directly or necessarily sets in motion other causes, not created by an independent agency, and which naturally and reasonably results in injury which, as a consequence of the primary act, under the circumstances, might and ought to have been anticipated, in the nature of things, by a man of ordinary intelligence and prudence, although in advance, it might have seemed improbable and the precise form in which the injury actually resulted could not have been foreseen. The succession of connected events springing out of the primary causal act, and not time or distance intervening between it and its injurious consequence, is, except as bearing upon the question of improbability, the test in the application of the rule." The case of Boggs v. Jewell Tea Co., 263 Pa. 413, and the same case, 266 Pa. 428, contain excellent discussions of the general subject, and from a study of those cases and others, we are satisfied that the question of proximate cause must be decided by a jury. It seems to us, at present writing, that the charge of President Judge Thayer in Comey v. Philadelphia Traction Co., 175 Pa. 133, affords a good guide for the trial of this case. Reference must also be made to the principle set forth in Wood v. Pennsyvlania R. R. Co., 177 Pa. 306, of concurrent negligence. See, also, McKenna v. Citizens' Natural Gas Co., 198 Pa. 31, and O'Malley v. Philadelphia Rapid Transit Co., 248 Pa. 292. For the convenience of counsel, we refer to some cases that we have examined upon the subject of speed of the train, notice of the approach, etc., such as Pennsylvania R. R. Co. v. Lewis et ux., 79 Pa. 33; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Childs v. Pennsylvania R. R. Co., 150 Pa. 73; Bickel v. Pennsylvania R. R. Co., 217 Pa. 456; Crane v. Pennsylvania R. R. Co., 218 Pa. 560, and Craft v. Hines, Director General, 272 Pa. 499.

And now, Oct. 29, 1923, rule is made absolute and non-suit is stricken off.

From Henry D. Maxwell, Easton, Pa.