## Mellon et ux. *v.* Lehigh Valley R. R., Appellant.

*Appeals—Judgment n. o. v.—Evidence—Inferences.*

1. Where, on appeal, the error assigned is the refusal to enter judgment for defendant n. o. v., the appellate court must assume, in support of the verdict, every fact and inference properly deducible from the evidence.

*Negligence—Railroads—Signals—Speed—Evidence—Opinion of witness—Expert—Negative evidence.*

2. The testimony of two witnesses that no signals were given by a train at a railroad crossing, cannot be treated as negative, nor disregarded because of the number of opposing witnesses, where it appears that both witnesses were about to cross the tracks and were listening for signals.

3. Merely blowing a whistle eighteen hundred feet from a crossing and sounding an alarm blast immediately preceding a collision, are not sufficient warnings of an approach of a train.

4. A taxicab driver who has driven automobiles and watched speedometers for six years, cannot be said as a matter of law to be incompetent to express an opinion as to the speed of a railroad train.

*Negligence—Railroads—Proximate cause—Pedestrian approaching crossing—Automobiles—Concurrent negligence.*

5. Where a train strikes a taxicab at a crossing, hurls it against a signal post, and the signal post falls and injures a pedestrian waiting to cross the tracks, the negligence of the cab driver has no bearing on the claim of the pedestrian against the railroad company for damages, if the company was in fact negligent, and its negligence was a concurring cause of the accident.

6. If the negligence of the driver was the sole efficient cause of the accident, the company would not be liable.

7. One injured by the concurrent negligence of two has a right of action against either.

8. If there was no break in the chain of events from the time the train hit the cab until the signal post hit the pedestrian, it cannot be found as a legal conclusion that striking the cab was not the proximate cause of the injury to the pedestrian.

9. A proximate cause may not be the sole cause.

10. The doer of a wrongful act is liable for an injury caused thereby through the instrumentality of an innocent agency.

11. The injury to a near-by pedestrian as the result of a train striking an automobile at a public crossing is a natural and probable consequence of such act, such as might and should have been foreseen as likely to result therefrom. Wood v. Penna. R. R., 177 Pa. 306, distinguished.

Argued November 26, 1924. Appeal, No. 60, Jan. T., 1925, by defendant, from judgment of C. P. Northampton Co., April T., 1922, No. 102, on verdicts for plaintiffs, in case of Alexander Mellon and Elizabeth Mellon, his wife, v. Lehigh Valley Railroad Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before STEWART, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for Alexander Mellon for $2,000, and for Elizabeth Mellon for $4,000. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Edward J. Fox,* with him *James W. Fox,* for appellant.

*T. McKeen Chidsey,* for appellees.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

This action by husband and wife is for personal injuries to the latter, to whom we will refer as plaintiff. Ridge Street, extending through the Borough of West Easton in a northerly and southerly direction, is crossed at grade, and practically at right angles, by a track of the Lehigh Valley Railroad Company, defendant. At about seven o'clock on the morning of July 10, 1921, the plaintiff, who resided south of the track, came to the crossing on her way to church, and observing an engine and tender (herein called "the train") approaching the crossing from the west, stopped at a point on the east sidewalk near a signal post, about ten feet south of the track. As the train approached the crossing, a southbound taxicab (herein called "the cab") in Ridge Street came upon the track and was struck by the train and thrown against the signal post, which fell and injured plaintiff. The jury sustained the contention that the accident resulted from the negligent operation of the train, and, from judgments entered on verdicts for plaintiffs, defendant has appealed.

The only error assigned is the refusal to enter judgments for defendant non obstante veredicto. Assuming as we must in support of the verdict every fact and inference properly deducible from the evidence (Smith v. Standard Steel Car Co., 262 Pa. 550; Thomas v. Penna. R. R. Co., 275 Pa. 579) the refusal was right. There was,

as frequently occurs in such cases, a sharp conflict in the evidence. The whistling post for eastbound trains approaching this crossing was located some six hundred feet west of Ridge Street, and there was a bridge approximately twelve hundred feet further west. The testimony of the engineer, fireman and conductor was that the bell was ringing automatically for over a mile before reaching the crossing, also that the regulation whistle was blown at the post and again as an alarm signal some two hundred feet from the crossing. There is some other evidence to the effect that a whistle was blown. The driver of the cab testified positively that no crossing signal was given and plaintiff testified that the whistle was blown up by the bridge and that no other signal was given of the train's approach to the crossing. These two witnesses were about to cross the track and, according to the evidence, listened for signals, hence, their testimony cannot be treated as negative, nor disregarded because of the number of opposing witnesses: Cubitt v. New York Central R. R. Co., 278 Pa. 366; Hugo v. Baltimore & O. R. R. Co., 238 Pa. 594; Razzis et ux. v. Phila. & R. Ry. Co., 281 Pa. 96; Terry v. Delaware, L. & W. R. R. Co., 60 Pa. Superior Ct. 451. Merely blowing the whistle eighteen hundred feet from the crossing, as plaintiff testified, could not be held a sufficient warning (Bickel v. Pennsylvania R. R. Co., 217 Pa. 456; Wanner v. Phila. & R. Ry. Co., 261 Pa. 273), nor could an alarm blast immediately preceding the collision.

The engine, with the tender attached, was running backwards and, according to the evidence of the crew, at the rate of from twelve to fifteen miles an hour. The cab driver, however, estimated the speed at forty miles an hour. It cannot be said as matter of law he was incompetent to express an opinion, for he had been driving automobiles and watching speedometers for six years, and saw the train approaching for one hundred and fifty feet and also as it passed after the collision. His esti-

mate finds some support in the conductor's statement on cross-examination that he did not know how fast the train was going, had no way of judging the speed and that it could have been going from thirty to thirty-five miles an hour; also that passing over the crossing at thirty miles an hour would be an excessive rate of speed; which is undoubtedly true, as Ridge Street was an important thoroughfare in a built-up section of the borough, not protected by gate or watchman. The question of signals and speed were properly submitted to the jury.

It is very earnestly urged for appellant that the accident resulted from the sole negligence of the cab driver in going upon the track in the path of the approaching train, apparently in an effort to beat it across. The driver, however, testified that he stopped to look and listen about thirty feet from the track, where his view to the west was obstructed by a bank, and that when he got where he could see in that direction the head of his cab was within five feet of the first rail; then, fearing he could not stop in time as the street was wet and he was going down grade, he speeded up in an unsuccessful effort to get across ahead of the train. The claim that he stopped also finds support in other testimony. The evidence for defendant put the driver's conduct in a less favorable light, but the question of his negligence is not controlling in the instant case. The jury found defendant guilty of negligence and there is evidence to support that finding; hence the fact that the cab driver was also negligent is no defense. At most his negligence helped to bring about the result, and one injured by the concurrent negligence of two has a right of action against either: O'Malley v. Phila. R. T. Co., 248 Pa. 292; Thomas v. Southern Pa. Traction Co., 270 Pa. 146; McKenna v. Gas Co., 198 Pa. 31; Comey v. Traction Co., 175 Pa. 133. This principle is illustrated in the case of a passenger on a street car, who may sue either when injured at a railroad grade crossing by the concurrent negligence of the two companies. See Downey v. Railroad et al.,

161 Pa. 588. Of course if the negligence of the cab driver was the sole efficient cause of the accident defendant although negligent would not be liable; but had the train moved at moderate speed the cab might have crossed in safety, or, had timely warning been given, the cab driver might have known of the train's approach before he came to the crossing. It cannot, therefore, be affirmed that defendant's negligence was not a concurring cause of the accident. See Wheelock v. Erie R. R. Co., 61 Pa. Superior Ct. 145. The verdict of the jury, under the instruction of the trial judge, was in effect a finding that the negligence of the cab driver was not the sole cause of the accident.

There was no break in the chain of events from the time the train hit the cab until the post hit the plaintiff; so it cannot be found as a legal conclusion that striking the cab was not the proximate cause of her injury. See McCaughey v. Am. Ice Co. (No. 1), 45 Pa. Superior Ct. 370; Johnson v. Phila. R. T. Co., 56 Pa. Superior Ct. 20. A proximate cause may not be the sole cause: Dannenhower v. W. U. Teleg. Co., 218 Pa. 216; Boggs v. Jewell Tea Company, 266 Pa. 428; 29 Cyc. 496. So far as the signal post is concerned, the case falls within the rule that the doer of a wrongful act is liable for an injury caused thereby through the instrumentality of an innocent agency: Howarth v. Express Co., 269 Pa. 280. This would also apply to the cab, assuming its driver was not at fault, but, conceding he was, the case is governed by the principle above stated that a party injured by the concurrent negligence of two has a right of action against either.

True, a wrongdoer is liable only for the natural and probable consequences of his act, such as might and should have been foreseen as likely to result therefrom (Hoag v. R. R., 85 Pa. 293; Wood v. Penna. R. R., 177 Pa. 306; Bruggeman v. City of York, 259 Pa. 94); but here the natural result of negligently running the train over the crossing was a collision with a passing vehicle,

not only to the peril of its occupants but also of others at or near the crossing. The injury of a near-by pedestrian, as the result of a train striking an automobile at a public crossing, is not an improbable consequence.

Appellant relies upon Wood v. Penna. R. R., supra, where a woman standing on the railroad track at a public crossing was struck by an express train, carried some distance and then thrown so as to injure a man who was standing on the station platform, over fifty feet from the crossing. It was there held, affirming the trial court, that the man's injury was not the natural and probable consequence of the alleged negligence in operating the train, but at most a remote possibility. It was also there held that the sole cause of the accident was the woman's negligence in standing on the track in front of the approaching train, which was plainly visible for over four hundred and fifty feet. That case is therefore not analogous to the present; but Carroll v. Conestoga Traction Company, 4 District and County Reports 425, is, although not a binding authority.

The assignment of error is overruled and the judgments are affirmed.