# Dennis F. Comey *v.* The Philadelphia Traction Company, Appellant.

*Negligence—Street railways—Electric car—Collision of wagon.*

In an action against a street railway company to recover damages for personal injuries, it appeared that one of defendant's electric cars struck a carriage immediately behind a wagon driven by the plaintiff, and forced the carriage against the plaintiff's wagon with such force as to cause the plaintiff to be thrown to the ground and injured. The court charged in effect that the plaintiff could not recover if the accident was due solely to the neglect of the driver of the carriage; that if both the driver of the

carriage and the motorman were jointly negligent, plaintiff could recover. *Held*, that the instruction was not erroneous.

*Negligence—Damages—Charge of court.*

In an action to recover damages for personal injuries the court charged as follows: The plaintiff's injury was a serious one. I think the evidence is that it is a permanent injury, but you are the judges of the weight of the evidence as well as of the credibility of the witnesses. It seems to me by the weight of the testimony that his injury is a permanent one. But while it may be a permanent injury, it is clear that it does not amount to a total disability of the plaintiff; it is not a total disability from which he suffers, but a partial one. No one would undertake to say that because he has a lame ankle he could not work for a living. There may be some things which he could not do, and the fact of his lameness may be a very serious drawback to him in whatever he would do. It is the case, therefore, of a partial but permanent disability, and you are to assess the damages, if you find for the plaintiff, on that basis. You are not to find damages which would represent a total destruction of the plaintiff's ability, but for a partial injury to his ability, and you are to judge of that as reasonable men, doing nothing in anger or from prejudice, but awarding what you think simply a fair, just, and full compensation for the actual inconvenience, pain, injury, loss, and suffering which the plaintiff has undergone. *Held*, that the instruction was without error.

Argued April 2, 1896.  Appeal, No. 184, Jan. T., 1896, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1895, No. 943, on verdict for plaintiff.  Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Trespass for personal injuries.  Before THAYER, P. J.

At the trial it appeared that plaintiff was injured on February 27, 1895, by a collision between a light wagon driven by him and a carriage driven by William Goldsborough on Spring Garden street above Seventeenth street in the city of Philadelphia.  At the point where the accident occurred there are two tracks.  Between the tracks and curbstones there were piles of snow.  The street was also crowded by the carriages of a funeral.  Goldsborough turned into the south or east-bound track between an east-bound car and plaintiff's wagon.  The car struck the carriage and drove it against plaintiff's wagon with such force as to cause the plaintiff to be thrown to the ground and injured by the wheel of his wagon passing over his ankle and breaking it.

The court charged in part as follows :

Was this collision, which occurred on the 27th of last February in Spring Garden street, between the car of the defendant while proceeding in an easterly direction down Spring Garden street and the carriage driven by Goldsborough, which was immediately in front of the car, the result of any unskillfulness or negligence on the part of the defendant's employees? Was it the result of any unskillfulness? Because, of course, the company is bound to furnish skillful operatives, skillful motormen, men who are conversant with their business, and to whose hands can be safely intrusted the dangerous power which they are called upon to control. It is the duty of the company to employ skilled motormen. They may not be men of the utmost skill, but must have a reasonable amount of skill, such an amount of skill as will, under ordinary circumstances, enable them to guide and control their machines in a proper manner.

Reasonable skill means that degree of skill which is ordinarily required of a man in the business which he follows and the circumstances in which he is placed. Of course, it would be negligence if, for example, to illustrate what I say, a company were to put a man who knew nothing of the management of motors in the control of a street car; or even if it were to put a conductor in control who knew nothing about the machine, and had no familiarity with its management. The company is bound to employ skillful operatives. The safety of the public depends upon that.

Therefore, I say, you will inquire, in the first place, whether this accident was due to any absence of that reasonable skill which the motorman ought to have possessed. If it was, that is negligence on the part of the company.

Supposing him to have been a man possessed of reasonable skill in the management of the car, was the accident due to any neglect or want of proper attention or caution on his part? Might he have avoided it under the circumstances, remembering the position in which he was placed, by a proper exercise of his functions, by proper care and management of the car. Did he proceed cautiously, or did he proceed precipitately and negligently? These are all questions which you will have to answer before you can arrive at a just conclusion.

If, upon the whole case, you should be of opinion that the accident was attributable to the negligence of the motorman—

because he is in this case, so far as I can see, about the only man who is chargeable with negligence, unless you can say that it was negligence not to have supplied the car with sand, which, it seems to me, would under the circumstances have been of very little effect—if you find that the collision between the carriage driven by Goldsborough and this car was due to want of skill, or to mismanagement or negligence of the motorman of the car, you will find a verdict for the plaintiff, unless you find that the plaintiff was also guilty of negligence.

This is an independent question from the other, because even, as I just now said, if the motorman did proceed incautiously, and not with sufficient care, you could not give the plaintiff a verdict if you find that the negligence of the plaintiff himself helped to bring about the result. The plaintiff, however, it is apparent, was placed in somewhat difficult circumstances. He was not immediately adjoining the car, though he was in front of it, Goldsborough's carriage being between him and the car; while, according to a number of witnesses who were examined, there were carriages in front of the plaintiff also, so that he had carriages in front of him and a carriage and car behind him; and when the collision took place between the car and Goldsborough's carriage it thrust that carriage against the plaintiff's wagon with such violence as to throw him from his seat, and when he fell upon the street the wheels of the wagon ran over his foot and broke his ankle. The result is that, according to the weight of the testimony, he is permanently lame.

Could the plaintiff have done anything to prevent this accident? Did he neglect any precautionary means which were in his power to prevent it? Is he in any way responsible for it? If you should think, under all the evidence, that he is, of course you could not give him a verdict; but if you find that he himself was innocent of any neglect and that the whole neglect belongs to the motorman, then you ought to find a verdict for the plaintiff.

There is another point which, perhaps, I ought to mention. [If this accident was due to any neglect on the part of Goldsborough, who drove the carriage immediately in front of the car and which was struck by it, the company would not be responsible for that unless their employees were also guilty of negligence. If there was neglect on the part of Goldsborough to turn, if he

could turn, which you are to judge from the evidence, or if any other negligence on his part alone brought about the accident and the motorman was not to blame, then, of course, you must find a verdict for the defendant. In other words, the defendant is not to be punished for any neglect of the carriage driver.

If you should be of opinion that the accident of the plaintiff was the joint result of mutual neglect on the part of both the motorman and Goldsborough, the man that drove the carriage, then you would find a verdict for the plaintiff—that is, if Goldsborough and the motorman's negligence jointly produced the accident you would find a verdict for the plaintiff, and if Goldsborough's negligence alone caused the accident you will find a verdict for the defendant; but if the plaintiff's negligence contributed to the accident, you should nevertheless find a verdict for the defendant.] [1]

By the simple application of these rules to the evidence and a careful and conscientious weighing of the testimony to which you have listened, you will, I apprehend, be tolerably sure to come to a correct result.

If, under all the facts in the case, and applying the rules which I have laid down (and I may add it is as much your duty to apply the law correctly, as to find the facts correctly), you should find a verdict for the plaintiff, what amount of damages are you to assess?

The plaintiff's injury was a serious one. I think the evidence is that it is a permanent injury; but you are the judges of the weight of the evidence as well as of the credibility of the witnesses. It seems to me the weight of the testimony is that his injury is a permanent one.

But while it may be a permanent injury, it is clear that it does not amount to a total disability of the plaintiff; it is not a total disability from which he suffers, but a partial one. No one would undertake to say that because he has a lame ankle he could not work for a living. There may be some things which he could not do, and the fact of his lameness may be a very serious drawback to him in whatever he would do.

[It is the case, therefore, of a partial but permanent disability, and you are to assess the damages, if you find for the plaintiff, on that basis.] [2]   You are not to find damages which would represent a total destruction of the plaintiff's ability, but for a

partial injury to his ability, and you are to judge of that as reasonable men, doing nothing in anger or from prejudice, but awarding what you think simply a fair, just, and full compensation for the actual inconvenience, pain, injury, loss, and suffering which the plaintiff has undergone.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*J. Howard Gendell, S. Davis Page* with him, for appellant, cited on the question of negligence : Bigelow's Cases on Torts, 611 ; Thatcher v. Traction Co., 166 Pa. 66 ; Hoag v. Lake Shore & Mich. Southern R. R., 85 Pa. 293 ; West Mahanoy Twp. v. Watson, 112 Pa. 574.

*Louis Brégy, H. Homer Dalbey* with him, for appellee, cited on the question of negligence : Haney v. Traction Co., 159 Pa. 398 ; Ehrisman v. Harrisburg Co., 150 Pa. 180 ; Gilmore v. Ry., 153 Pa. 31 ; McGrew v. Stone, 53 Pa. 436 ; Haverly v. Ry., 135 Pa. 50 ; Dennis v. Alexander, 3 Pa. 50.

PER CURIAM, April 13, 1896 :

The instructions recited in the first specification were not only warranted by the testimony, but they were quite as favorable to the defendant company as they should have been. The excerpt, on which the remaining specification is based, is obviously the learned trial judge's conclusion from what he properly said in the two preceding paragraphs of his charge, viz :

" The plaintiff's injury was a serious one. I think the evidence is that it is a permanent injury ; but you are the judges of the weight of the evidence as well as of the credibility of the witnesses. It seems to me the weight of the testimony is that his injury is a permanent one. But while it may be a permanent injury, it is clear that it does not amount to a total disability of the plaintiff. It is not a total disability from which he suffers, but a partial one. No one would undertake to say that because he has a lame ankle he could not work for a living. There may be some things which he could not do, and the fact of his lameness may be a very serious drawback to him in whatever he would do."

Every word of this was warranted by the testimony; and hence the conclusion complained of is correct and proper. Out of abundance of caution, however, the learned judge proceeded to say: "You are not to find damages which would represent a total destruction of the plaintiff's ability, but for a partial injury to his ability, and you are to judge of that as reasonable men, doing nothing in anger or from prejudice, but awarding what you think simply a fair, just and full compensation for the actual inconvenience, pain, injury, loss and suffering which the plaintiff has undergone."

It thus appears that when the alleged erroneous construction is considered, in connection with the context, and in the light of the testimony, it is not only devoid of error but entirely fair to both parties. The practice of assigning error to a single sentence, severed from the context, as was done in this case, is not to be commended.

There is nothing in either assignment of error that requires further notice.

Judgment affirmed.