MOLLIE JENKINS, Defendant in Error, *vs.* THE LaSALLE
COUNTY CARBON COAL COMPANY, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. NEGLIGENCE—*question whether there is any evidence that the
negligence charged was the proximate cause is one of law.* Where
there is any evidence fairly tending to show that the negligence
charged was the proximate cause of the injury the question is one
of fact for the jury, but whether there is any such evidence is a
question of law, which is raised by a motion for a directed verdict.

2. SAME—*what is necessary to constitute proximate cause.* To
constitute proximate cause the injury must be the natural and
probable consequence of the act of negligence charged in the dec-
laration and be of such a character as an ordinarily prudent per-
son ought to have foreseen might probably occur as a result of the
negligence, although it is not necessary that the person guilty of
the negligence should be able to foresee the precise form of injury.

3. SAME—*when negligence charged is not the proximate cause
of injury.* Alleged negligence by the owner of a coal mine in per-
mitting a dump car to be and remain in an unsafe condition, in
that no linch-pin was provided to prevent one of the wheels from
coming off the axle, is not the proximate cause of an injury to an
employee who, when the wheel came off the car at the bottom of
the shaft and rolled into the other side of the shaft, stuck his head
and arm into that side of the shaft to pull out the wheel, when he
was struck on the head and injured by a rock or piece of coal fall-
ing down the shaft.

WRIT OF ERROR to the Branch "D" Appellate Court for
the First District;—heard in that court on appeal from the
Superior Court of Cook county; the Hon. WILLIAM E.
DEVER, Judge, presiding.

ROBERT J. SLATER, for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error, Mollie Jenkins, conservatrix of the
estate of William Jenkins, recovered a judgment against
plaintiff in error, the LaSalle County Carbon Coal Com-

pany, in the superior court of Cook county, which judgment was affirmed in the Appellate Court for the First District. The record of the Appellate Court has been brought up for review by writ of *certiorari*.

The action was brought to recover for personal injuries sustained by William Jenkins while employed in the mine of plaintiff in error in LaSalle county, in 1908. Jenkins was employed as a cager in the mine of plaintiff in error, and his work consisted of assisting in placing loaded cars of coal upon the cage at the bottom of the shaft and in taking off the empty cars from the cage when they were lowered into the mine. The evidence disclosed that the shaft, which was four hundred feet in depth, was divided into two compartments, and the cages were so operated that the raising of the cage in one compartment lowered the cage in the other compartment. There was no solid partition between these two compartments, the only division being timbers, four by six inches, placed across the shaft about fifteen or eighteen inches apart. A floor was placed in the shaft and over the sump just below the level of the floor of the mine, so that when either cage landed at the bottom the floor of the cage would be on a level with the floor of the mine and the cars could be run off and on the cage to and from tracks extending from the mine to the shaft. At the time of the accident Jenkins and his helper were working at the west side of the shaft, where the empty cars were taken out of the cage. The north cage had just descended with an empty car, striking the sump floor with more than the usual force and jolting the west wheel of the car next the division between the two compartments of the shaft so that the flange rested upon the rail of the track. As Jenkins and his helper seized the car to pull it off the cage, the workmen on the east side of the shaft ran a loaded car against it, jamming it against the corner of the cage. The loaded car having been removed, Jenkins and his helper then attempted to straighten the car up on the track, when

the west wheel next the center of the shaft dropped off the axle by reason of there being no linch-pin through the axle to hold it on. The wheel fell, through into the south compartment of the shaft, landing on the sump floor and leaning up against one of the cross-pieces in the center of the shaft at an angle of about forty-five degrees and within eight or ten inches of the west side of the shaft. Jenkins reached over to seize the wheel and remove it from the shaft for the purpose of replacing it on the empty car. In doing so he extended his arm and head inside the shaft, and just as he reached for the wheel he was struck on the back of the head by a piece of falling rock, coal or other material, which seriously injured him.

The negligence relied upon is that plaintiff in error permitted the car to become and remain in an unsafe condition to use, in that it was not equipped with a linch-pin to prevent the wheel from running or falling off the axle.

At the close of defendant in error's evidence, and again at the close of the whole case, plaintiff in error asked the court to give a peremptory instruction to find it not guilty. One of the reasons urged in support of the contention that the court erred in not giving this instruction is, that the absence of the linch-pin was not the proximate cause of the injury. Defendant in error insists that this question, as well as other questions which have been raised, is a question of fact for the jury and is not now open for review.

Where there is any evidence fairly tending to show the negligence charged was the proximate cause of the injury that question is one of fact for the jury, but whether there is any such evidence is a question of law, which is raised by motion for a directed verdict. (*Seymour v. Union Stock Yards Co.* 224 Ill. 579.) While it is not necessary that the person guilty of the negligent act or omission should foresee the precise form of the injury, to constitute proximate cause the injury must be the natural and probable consequence of the negligence and be of such a character as

an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. (*Seith* v. *Commonwealth Electric Co.* 241 Ill. 252.) In the case just cited we said: "If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. Where the intervening cause is set in operation by the original negligence such negligence is still the proximate cause, and where the circumstances are such that the injurious consequences might have been foreseen as likely to result from the first negligent act or omission the act of the third person will not excuse the first wrongdoer. When the act of a third person intervenes which is not a consequence of the first wrongful act or omission and which could not have been foreseen by the exercise of reasonable diligence and without which the injurious consequence could not have happened, the first act or omission is not the proximate cause of the injury. The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury."

The immediate cause of plaintiff's injury was the falling of the object down the shaft which struck him. There was no causal connection between the absence of the linchpin and the falling of this object. What the object was that struck Jenkins,—whether a piece of rock, coal or other substance,—is unknown, but it is undisputed that its fall

264 — 16

was not occasioned by the absence of the linch-pin or the falling of the wheel from the axle of the car. The absence of the linch-pin merely created a condition which made it possible for plaintiff in error to receive an injury from an entirely independent cause,—the falling of the substance which struck him when he thrust his head inside the shaft. An ordinarily prudent person would foresee many things which might probably occur as the result of a failure to place a linch-pin in a car of this character, but the injury received by Jenkins is not one which in the ordinary course of events is liable to follow such negligent act and is not one that an ordinarily prudent person ought to have foreseen might probably occur. In this particular case the proximate result of the negligence alleged was complete when the wheel rolled into the sump and rested there. While this situation furnished an occasion for Jenkins to place himself in the position where he was injured, the injury was occasioned by the subsequent independent act of an object falling down the shaft and striking him, which act was not one of a continuous succession of events occasioned by the negligence alleged. The falling of the object which struck Jenkins was not a consequence of the negligence alleged, as it was not set in motion by the absence of the linch-pin or the rolling off of the wheel.

It is contended on the part of defendant in error that the prompt dispatch of plaintiff in error's business required that the wheel should be immediately recovered and replaced upon the axle of the car; that coal and other debris were constantly and continuously dropping down the shaft, and that this fact was known to Jenkins, who had been employed in the mine for several years, and therefore Jenkins' exposure to the danger incident to the falling of coal and other debris, which was known to him and appreciated by both himself and plaintiff in error, was an entirely natural and probable result and consequence of the negligence alleged which was reasonably to be expected by plaintiff in error,

and that therefore the absence of the linch-pin was the proximate cause of the injury. It would be unreasonable to expect anyone to foresee that a workman in a mine would subject himself to so great a known danger to recover a wheel which had rolled into the sump of the shaft because of the absence of a linch-pin. No causal connection between the absence of the linch-pin and the rolling of the wheel into the sump and the falling of the object which caused the injury to Jenkins has been shown.

As there is no substantial dispute as to the manner in which Jenkins received his injuries and the facts concerning the occurrence, it is apparent that no different result could be reached on another trial, and the judgment of the Appellate Court and the judgment of the superior court are therefore reversed without remanding.

*Judgment reversed.*