[Civ. No. 3734.  Second Appellate District, Division One.—November 1, 1921.]

ALVA SCHILLING, Respondent, v. V. M. HAYES et al., Defendants; HARRY J. BRISTOL, Appellant.

[1] NEGLIGENCE—INJURY TO PEDESTRIAN WAITING FOR STREET-CAR— PROXIMATE CAUSE OF INJURY—CONCURRENT NEGLIGENCE IN OPERA- TION OF AUTOMOBILES—SUFFICIENCY OF EVIDENCE.—In this action for personal injuries sustained by the plaintiff from being struck by an automobile while he was waiting at the usual stopping place to board a street-car, the finding that the proximate cause of the injuries was the concurrent acts of the defendants in operating their respective automobiles at a high rate of speed at a crossing and where electric cars were accustomed to stop for the purpose of taking on and letting off passengers is supported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. C. Millsap and N. J. Kendall for Appellant.

Erwin P. Werner for Respondent.

SHAW, J.—Action to recover damages alleged to have been sustained as the result of defendants' concurrent negli- gence in the operation of their automobiles.  The case was

tried without a jury by the court, which gave judgment for plaintiff, from which defendant Bristol appeals.

Appellant attacks the findings upon the ground of insufficiency of the evidence. The evidence clearly tends to show the following facts: The accident occurred at a point in Lake Shore Avenue, extending north and south, near its intersection with Santa Ynez Street, which extends east and west. A street-car was operated on Lake Shore Avenue and at the time in question plaintiff, at the usual stopping place of the cars, was standing near the west track to board an approaching south-bound car on the west track, which at the time was distant about 150 feet. At the same time an automobile, at a speed of some thirty miles per hour, was operated by defendant Bristol in an easterly direction on Santa Ynez Street, having a grade at that point of six or seven per cent, and, reaching the intersecting street, it turned sharply to the right in a southerly direction into Lake Shore Avenue, the left front wheel of the automobile crossing the westerly rail of the street railway track near where plaintiff was standing. In order to escape collision therewith, he stepped two or three feet to the east, at which time he was instantly struck by the car of defendant Hayes, which, operated southerly on Lake Shore Avenue at a speed of some forty miles per hour, darted around the street-car and collided with plaintiff. There is testimony to the effect that a collision between the two automobiles, as well as between the street-car and the Bristol automobile, appeared to be inevitable. That both automobiles were, under the circumstances, being operated at a high and excessive rate of speed, admits of little question. That plaintiff occupied a position of safety but for the negligent act of the driver of the Bristol car, would seem likewise clear. By such negligence he was forced to change his position to a point where, by reason of the negligence of the driver of the Hayes car, it collided with him, causing the injuries complained of. The testimony of C. C. Moore, who appears to have been a wholly disinterested witness and who happened to be in the vicinity, discloses that he saw the Bristol car coming down the hill at an excessive speed and saw he could not beat the street-car to the intersection of Lake Shore and Santa Ynez if the street-car did not slow up. He came so near to plaintiff that he was compelled to jump in

order to keep from getting hit by the automobile, and about
that time the Hayes machine shot past the street-car and
struck Schilling. And further, that the Bristol automobile
was traveling at least thirty miles an hour. Plaintiff's testi-
mony is to the effect that if he had not moved, the Bristol
automobile would have struck him, and that immediately
upon stepping aside he was struck by the Hayes car and ren-
dered unconscious. And Mrs. Lottie Hayes, an occupant of
the Hayes car, testified that "as we approached the inter-
section of Santa Ynez and Lake Shore Boulevard a collision
with the Bristol taxicab appeared to me to be inevitable."

The court, after a finding to the effect that Bristol was
operating his automobile easterly along Santa Ynez Street
and into Lake Shore Avenue, and defendant Hayes was op-
erating her automobile southerly along Lake Shore Avenue
at and across its intersection with Santa Ynez Street, at
which time plaintiff was a pedestrian at said intersection of
said streets, made a finding as follows: "That said defend-
ants Harry J. Bristol and V. M. Hayes then and there so
negligently and carelessly managed, operated and controlled
their respective automobiles as aforesaid and at such a high
and negligent rate of speed, that by reason of said negli-
gence and carelessness on the part of said defendants Harry
J. Bristol and V. M. Hayes and each of them, a collision
between them then and there became and was imminent;
that by reason of the aforesaid negligence and carelessness
of the defendants . . . and each of them the plaintiff was
about to be run into by the said automobiles of the de-
fendants . . . ; that to avoid being run into by the said
automobiles the plaintiff prudently jumped from the place
in which he was standing; . . . that by reason of the
said negligence of the defendants . . . and each of them,
individually and concurrently and by reason of said collision
of said automobile of the defendant V. M. Hayes with the
plaintiff so negligently occasioned as aforesaid, the plaintiff
was knocked down and suffered injuries."

[1] Conceding, as claimed by appellant, that there is no
preceding finding as to negligence on the part of defendants
to which the words "*as aforesaid*," appearing in the first
part of the finding quoted, can have reference, nevertheless
the finding is in itself full and complete in showing the con-
current acts of defendants constituting the negligence and

which was the proximate cause of the injury, namely: the high rate of speed at which, under the circumstances, both defendants were operating their cars at a crossing and where electric cars were accustomed to stop for the purpose of taking on and letting off passengers. There is no merit in appellant's contention.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.