## Grace Housley, a Minor, by Her Next Friend, Edwin L. Housley, Appellee, v. Thomas J. Noblett, Appellant.

## Gen. No. 7,652.

1. HIGHWAYS—*purpose of Motor Vehicle Act, § 33 requiring signal of intention to stop*. Section 33 of the Motor Vehicle Act, Cahill's Ill. St. ch. 95a, ¶ 34, requiring the driver of a car who is about to stop, slow down or attempt to turn to first signal his intentions is for the protection of all persons lawfully using the highway, including pedestrians.

2. HIGHWAYS—*proximateness of cause of highway accident to pedestrian as jury question*. Whether the combined negligence of the driver of a car who stopped without signaling his intention to do so and that of one driving behind him at such speed that he was unable to stop in time and turned to the side of the road, was the proximate cause of an injury to a pedestrian who was walking at the side of the road and was struck or whether such injury was solely the result of the negligence of the driver of the car which struck her, was a question of fact for the jury.

3. HIGHWAYS—*when evidence sufficient to show concurrent negligence of motor vehicle operators as to pedestrian*. In an action for damages for injuries sustained by a pedestrian who was struck while walking at the side of a highway by an automobile which turned out of the road to avoid colliding with another car which stopped suddenly without signal, held that the jury was warranted in finding that the injury was the result of the coincident acts of both drivers.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 8, 1924. *Certiorari* denied by Supreme Court (making opinion final).

ALONZO HOFF, for appellant; WILLIAM L. PATTON, of counsel.

FRANK P. DRENNAN, WILLIAM J. LAWLER and HERMAN H. COHN, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Grace Housley, the appellee, who is a minor, by Edwin L. Housley, her next friend, brought this suit originally against James T. Wheelwright to recover damages for injuries suffered by being run over by an automobile driven by Wheelwright. Afterwards new defendants were brought into the suit, namely, David W. Smith and the appellant, Thomas J. Noblett. And an amended declaration was thereupon filed charging the new defendants with negligence jointly with Wheelwright; and an additional count was also filed. The averments of the amended declaration and the additional count, which are substantially the same, concerning the negligence of the appellant and the other parties defendant, are "that on the 13th day of August, 1922, the defendant, Thomas J. Noblett was in the use, possession, operation and control of a certain automobile which he was then and there driving in a southwesterly direction over and upon a certain public highway known as the East St. Louis hard road * * *; and that it then and there became and was the duty of the defendant, David W. Smith, while so operating his said automobile through his agent, the defendant, James T. Wheelwright and of the defendant, James T. Wheelwright, in his own behalf and of the defendant, Thomas J. Noblett in so operating their respective automobiles to exercise reasonable care and diligence for the safety of all persons who were traveling over and upon said public highway * * *; and that the defendant, Thomas J. Noblett on the day and date aforesaid, disregarded his duty in this respect, and charges that while said defendant was so driving his said automobile on said public highway at a point about three miles southwest of the City of Springfield, * * * at a fast rate of speed, he so negligently, carelessly and unskilfully drove and operated his said automobile at said place as to abruptly and suddenly stop his automobile on the right-hand side of said public highway without

giving any notice, signal or warning of his intention so to do, while the said defendant James T. Wheelwright was driving and operating the automobile of the said David W. Smith as aforesaid on the right hand side of said public highway and following closely behind the automobile of the defendant, Thomas J. Noblett, at a rapid rate of speed * * *, and that the defendant, David W. Smith, through his agent, the said James T. Wheelwright and the defendant, James T. Wheelwright in his own behalf, on the day and date aforesaid disregarded their duty in this respect and that the said defendants did negligently and carelessly drive and operate the said automobile at a point about three miles southwest of the City of Springfield, * * * at a greater rate of speed than was reasonable and proper having regard for the traffic and the use of the highway, closely behind the automobile driven by the defendant, Thomas J. Noblett as aforesaid and did, then and there negligently and carelessly fail to exercise reasonable care and caution to keep the automobile of the defendant, David W. Smith under control, when and where it was apparent that it was impossible to stop said automobile so driven as aforesaid, without colliding with the automobile of the defendant, Thomas J. Noblett, if the automobile of the defendant Thomas J. Noblett was suddenly and abruptly stopped on said hard road as aforesaid; and that by reason of the combined negligence of the defendants as aforesaid, the defendant David W. Smith by his agent, James T. Wheelwright and the defendant, James T. Wheelwright, in his own behalf, then and there, upon the automobile of the defendant, Thomas J. Noblett being suddenly and abruptly stopped at said place as aforesaid, in attempting to avoid colliding with the automobile of the said Thomas J. Noblett, did drive and operate the automobile of the said David Smith around the automobile of the defendant, Thomas J. Noblett and off of and

toward the right of the concrete portion of said public highway and into and against the plaintiff, a child of the age of eleven years, who was then and there walking toward the south on said public highway, a few feet west of the concrete portion of said public highway and who was then and there in the exercise of such a degree of care and caution for her own safety as a child of that age, intelligence, capacity and understanding would be required to exercise under all the circumstances there existing, for her own safety, and by reason thereof she was thrown into a ditch on the west side of said highway and the said automobile thereupon passed over her body and she was thereby greatly cut, bruised, wounded, maimed and injured.''

A plea of not guilty was filed to the declaration and issued joined thereon. There was a trial by jury and at the close of the evidence for plaintiff, the court directed a verdict finding the defendant, David W. Smith, not guilty. The trial resulted in a verdict and judgment for $10,000.00 against the appellant, Noblett, and the defendant, Wheelwright. This appeal is prosecuted from the judgment.

It is contended by the appellant that the declaration does not state a cause of action against him, and is insufficient to support the judgment rendered; and that the declaration does not charge the breach of any duty which the appellant owed to the appellee; and that it does not allege any act of commission, or omission, which was the proximate cause of the injury, or contributed to cause the same. Concerning this contention, it may be pointed out that the amended declaration and the additional count aver that the injury to the appellee was a consequence of the joint or combined negligence of the appellant and the defendant, Wheelwright, namely, the alleged negligence of Wheelwright while driving his car on the public highway at a greater rate of speed than was reasonable and proper having regard for the traffic and the use

of the way, and so closely behind Noblett's automobile that it was apparent he would collide with the same, in case appellant's car was suddenly stopped; coupled with the alleged negligence of the appellant in suddenly and abruptly stopping his automobile, without giving any notice, signal, or warning of his intention to do so; and that these combined acts of alleged negligence resulted in Wheelwright's turning his automobile to avoid collision with the Noblett car, and thereby caused the injury to the appellee. It is insisted, however, that section 33 of the Motor Vehicle Act [Cahill's Ill. St. ch. 95a, ¶ 34], which requires that, "No driver of a vehicle shall suddenly stop, slow down or attempt to turn around without first signalling his intentions with outstretched arm or otherwise to those following closely in the rear," was passed for the purpose merely to provide a code for the management and mutual protection of vehicular traffic; and that therefore appellant was not bound to comply with the requirement mentioned except in so far as it affected the vehicular traffic; and therefore he owed no duty to the appellee who was a pedestrian on the highway—even though she was using the highway in a proper manner, and was in the exercise of due care. We cannot agree with this contention. While it is true, that the Motor Vehicle Act aims directly at the regulation of vehicular traffic on the highways of the state, it is evident that the purpose of the act was to safeguard the lives, limbs and property of all persons who are legitimately and properly upon, or in the use of, the highways of the state. Pedestrians have the same right to the use of the public highways as the drivers of automobiles or other vehicles; and in using the highway have the same right to rely upon the observance of the Motor Vehicle Act by drivers of motor vehicles using the same highway. Whether the proximate cause of the injury to appellee was the combined negligence of Wheelwright and the appel-

lant, or was the result of the negligence of Wheelwright alone, was a question of fact for the determination of the jury. *Sullivan v. William Ohlhaver Co.,* 291 Ill. 359. The jury were warranted from the evidence in the conclusion that her injury was the result of the coincident acts of both parties. For the reasons hereinbefore stated, there was no error in giving instructions Nos. 6, 8, 10 and 11 for appellee. We find no reversible error in the record, and judgment is therefore affirmed.

*Affirmed.*