## Joseph Knaus, Appellee, v. Southern Railway Company, Appellant.*

1. NEGLIGENCE—*when proximate cause not jury question.* Although the question of proximate cause is generally for the jury, yet if the undisputed evidence shows that the damages may not be fairly attributed to the negligence charged it becomes a law question for the court.

2. NEGLIGENCE—*limit to jury awarding damages.* A jury will not be permitted to award damages capriciously where not caused by the negligence charged.

* Received from clerk of Appellate Court, August 8, 1927.

3. NEGLIGENCE—*what constitutes proximate cause.* Only such injuries as are the natural and probable consequences of the negligence charged and such as an ordinarily prudent person might have foreseen would probably occur can be said to be proximately caused by the negligence.

4. MASTER AND SERVANT—*what liability for improbable consequences.* A railway cannot be held liable for damages due to its employee jumping down from its train against a grain door left lying on a bumper block on the track, his injury from the grain door being too improbable a consequence for the master to have reasonably foreseen it.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1923. Reversed with finding of facts. Opinion filed March 10, 1924.

R. E. COSTELLO and KRAMER, KRAMER & CAMPBELL, for appellant.

T. M. WEBB, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a judgment for $2,000 for personal injuries occasioned by the alleged negligence of appellant. It is admitted that the parties were engaged in interstate commerce at the time of the accident. Appellee was in the employ of appellant as a member of a switching crew in the yards at East St. Louis. Appellant has a switch in that city which serves the Corno Mills Company, at the north end of which is a bumping block consisting of two large ties placed side by side and 8 inches apart on top of the rails of the said track with a block on either end and all bolted to the rails.

Appellee's crew placed a car on said switch on the night of January 24, 1923, and the north wheels thereof went upon and over the south tie of the block. In trying to get the car back in place the crew used a grain door about 6 feet long and 20 inches wide and in the

effort the west end of the south tie of the block was pulled south until it was 5 or 6 feet from the west end of the north tie.

Appellee averred in his declaration that appellant carelessly and negligently permitted and allowed the said grain door to be and remain on the top surface of the north tie of said block and extending in the same general direction and that the said door was likely to tip when persons or objects came in contact with it and to produce injury to the employees of appellant there engaged, of which appellant knew, or would have known by the exercise of ordinary care. He further averred that said grain door was in the position aforesaid on January 26, 1923, when it became necessary for his crew to remove some cars from said switch and to replace others thereon.

He also averred that a car was "kicked" over the scales on said switch; that he was on the north end of said car and was in the act of setting the brake when his left foot slipped from the footboard and to avoid falling he turned and jumped to the ground between the ties of the bumping block; that in so doing his right foot struck the southerly edge of the said grain door which tilted upward and forward and came in contact with his right knee and permanently injured the kneecap and the muscles and tendons connected therewith. The facts were substantially proved as laid in the declaration.

Appellant contends that the alleged negligence in leaving the grain door on the north tie of the bumping block was not the proximate cause of the injury and for that reason the court erred in refusing to direct a verdict in its favor. Appellee argues that the question of proximate cause is a question of fact for the jury. While that is true, ordinarily, yet if it clearly appears from the undisputed evidence that the damages suffered may not, by any fair process of reasoning, be attributed to the negligence charged, it be-

comes a question of law. Upon the question whether or not there is actionable negligence in a given case the jury will not be permitted, arbitrarily or capriciously, to award damages not caused by the negligence charged. Such were our holdings in *Terminal R. Ass'n v. Larkins*, 112 Ill. App. 366–369.

Appellee also argues in support of the court's ruling that the leaving of anything on or near the block which might endanger the safety of switchmen would constitute actionable negligence; that the test as to proximate cause is whether appellant should have reasonably contemplated that some employee might be injured in some way on account of the presence of the grain door on the block; that the law makes appellant responsible for any injury to any employee in any way or manner from the existing conditions which it could have foreseen, by the exercise of ordinary care, might happen as the result of its negligence. The trouble with that argument is it is not supported by the law.

In *Hartnett v. Boston Store of Chicago*, 265 Ill. 331, at page 334, the court said: "What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which might result from his act."

In *Jenkins v. LaSalle County Carbon Coal Co.*, 264 Ill. 238, at page 240, the court said: "While it is not necessary that the person guilty of the negligent act or omission should forsee the precise form of the injury, to constitute proximate cause the injury must be the natural and probable consequence of the negligence and be of such a character as an ordinarily

prudent person ought to have foreseen might probably occur as a result of the negligence.''

In *Seith v. Commonwealth Elec. Co.,* 241 Ill. 252, at page 259, the court said: ''To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence.'' Damages, to be recoverable, must be the natural and reasonable result of the defendant's act. He cannot be held responsible for injuries which could not reasonably have been foreseen or expected as the result of his misconduct. *Phillips v. Dickerson,* 85 Ill. 11; *Braun v. Craven,* 175 Ill. 401.

It is very evident, therefore, that if the injury to appellee was not the natural and probable consequence of the alleged negligence, he was not entitled to recover. It is equally clear that if his injury was not of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the alleged negligence, it cannot be said that the negligence charged was the proximate cause of the injury. We are compelled to hold, under the law and the undisputed evidence, that appellee's injury was not the natural and probable consequence of leaving the grain door on the north tie of the block. Appellant is not charged with any negligence which caused appellee to lose his balance and to jump from the car. We cannot hold that his injury was of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the grain door being where it was. It was highly improbable that an injury of such a character as that sustained by appellee would have resulted. It was an extraor-

dinary occurrence and would not reasonably have been foreseen or expected by a reasonably prudent person. It is not sufficient, under the law, that the accident happened and appellee was injured. While it is very unfortunate for appellee, yet we are not warranted by the law and the evidence in holding that appellant should compensate him for the injuries sustained. The judgment is reversed with a finding of facts.

*Reversed with finding of facts.*

The clerk will incorporate in the judgment the following finding of facts: "The Court finds that the negligence charged against appellant was not the proximate cause of the injury to appellee."