Joseph Lotesto, Defendant in Error, v. William A. Baker and Leo Merrill Henikoff, Defendants.   Leo Merrill Henikoff, Plaintiff in Error.

## Gen. No. 31,602.

1. NEGLIGENCE—*proximate cause as question of fact and of law.* If there is evidence tending to show that the negligence alleged was the proximate cause of the injury, then the matter is one of fact to be submitted to the jury, but the question whether there is such evidence is one for the trial judge to decide.

2. HIGHWAYS AND STREETS—*proximate cause as question for jury where course of two automobiles resulted in one striking a pedestrian.* Evidence that an automobile passenger car in cutting diagonally across a street to get on the proper traffic side passed in front of a motor truck proceeding on the street in the same general direction,

and which truck swerved out of its normal course to avoid the passenger car and thereby struck a pedestrian whom the truck driver had only just seen standing on the crosswalk, presents a question for the jury whether the conduct of the driver of the passenger car was the proximate cause of the injury.

3. HIGHWAYS AND STREETS—*negligence of driver of automobile striking pedestrian as not intervening event breaking connections between wrongful operation of another car and the injury.* Where an automobile passenger car in cutting diagonally across a street to get on the proper traffic side passed in front of a motor truck proceeding on the street in the same general direction, and which truck swerved out of its normal course to avoid the passenger car and thereby struck a pedestrian whom the truck driver had only just seen standing on the crosswalk, the negligence of the truck driver held not such an intervening event as would break the connection between the wrong of the driver of the passenger car and the injury.

4. NEGLIGENCE—*liability for combined negligence.* One injured by the combined negligence of two persons has a cause of action against either or both.

Error by defendant to the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed November 23, 1927.

FOLLANSBEE, SHOREY & SCHUPP, for plaintiff in error; CLYDE E. SHOREY and LOUIS W. BECKER, JR., of counsel.

FINN & MILLER, for defendant in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an action on the case brought by the plaintiff, Joseph Lotesto, against the defendants, William A. Baker and Leo Merrill Henikoff, defendants, in the superior court for damages on account of personal injuries which the plaintiff sustained on May 29, 1922. The claim of the plaintiff is that he was struck by a motor truck operated by an agent of Baker, one of the defendants, and that the striking was the result of negligence on the part of each of the defendants, Baker

and Henikoff. There was a trial, with a jury, and a verdict and judgment for $9,000 against both defendants. The matter is here for review upon a writ of error presecuted by the defendant Henikoff alone.

The accident occurred about 5 P. M. on May 29, 1922, at the intersection of Wabash avenue and 14th Street, Chicago. Wabash avenue is a north and south street, and 14th street an east and west street. Both are built-up business streets. Wabash avenue from curb to curb is sixty feet wide. On that street are two street car tracks. From the east curb line of Wabash avenue to the nearest rail on the east side of the street, it is 22 feet. The street car tracks, with the space between them, occupy 16 feet, east and west, in the center of the street.

At the time in question, the plaintiff was undertaking to cross Wabash avenue, from east to west, on the north crosswalk of 14th street. He started from the curb on the east side of Wabash avenue at the northeast corner of the intersection, where he had waited for about five minutes for traffic to pass. He walked west, from the sidewalk, into the street, and walked, on the north crosswalk, about as far as the east rail of the first street car track, that is, the northbound track. At that time, when he saw the truck (which belonged to the defendant Baker) about 100 to 150 feet north of him, he stood still in order to let it pass. It was coming from the north and on a line west of the center of Wabash avenue. While thus standing on the crosswalk, at about the east rail of the first street car track, he was struck by the truck and seriously injured. When he was called at the trial and testified in his own behalf, he stated that he knew nothing of what transpired after he was struck until quite sometime thereafter, when he awoke in a hospital.

It is the theory of the plaintiff, in support of the judgment, that while the plaintiff was standing on the north crosswalk of 14th street, near the east rail of

the northbound street car tracks in Wabash avenue, the defendant Henikoff drove his automobile from a point on the east side of Wabash avenue, fifty or sixty feet north of the northeast corner of the two streets, in a southwesterly, or westerly direction across Wabash avenue beyond the center of that street, negligently cutting in front of the on-coming truck of the defendant Baker, which truck was proceeding south in the southbound car tracks, and that as a natural consequence the driver of the truck swerved his machine to the left and going on, ran practically immediately into the plaintiff; that there was evidence tending to show negligence on the part of both Henikoff and the driver of the truck; that it was properly submitted to the jury, and that the verdict of the jury was not against the manifest weight of the evidence.

On the other hand, it is the theory of the defendant Henikoff that there was no evidence fairly tending to show that his acts were the proximate cause of the accident, and that the trial judge erred in overruling the defendant's motion for a directed verdict (*Jenkins v. La Salle County Coal Co.,* 264 Ill. 238); and, further, that the evidence showed it was solely the excessive rate of speed at which the truck of the defendant Baker was being driven, the failure of the driver of the truck to observe pedestrians, and his failure to check the speed of the truck that caused the accident.

The testimony of the plaintiff and the four witnesses called by him tends to prove the following: that the defendant Henikoff drove his automobile, a five-passenger four-cylinder touring car, south on Wabash avenue, and, for the purpose of taking his sister as a passenger, stopped at the east curb at a point about 60 feet north of the north side of 14th street, with the automobile facing south; that, at about the time in question, the truck, belonging to the defendant Baker, and driven by one Bosnyak, was approaching from the north, going at the rate of somewhere between 15 and

22 miles an hour; that, after his sister got into the automobile, he, the defendant, Henikoff, drove in a southwesterly direction somewhat diagonally across both street car tracks, cutting directly in front of the on-coming truck; that the point at which he intercepted the path of the truck was somewhere between a line drawn between the north curb of 14th street, and 35 feet north of where the plaintiff was on the crosswalk (one witness puts it at 25 to 30 feet north, one at 25 feet, one at 20 feet, one at 5 feet, and one at the crossing); that when the automobile got into the path of the truck, the latter being then in the southbound tracks, the driver of the truck swerved his machine over to the east in order to pass behind the automobile; that then the truck still going south was straddling the east rail of the northbound track and almost immediately struck the plaintiff, as he was standing on the crosswalk, and knocked him a distance of about fifteen feet; that the truck stopped about five feet north of where plaintiff was thrown.   It is the evidence of the driver of the truck that the automobile came suddenly in front of him; that it was facing west with its rear end right in front of the truck, six or seven feet away; that seeing the automobile in that position, he turned the wheels of the truck to the east in order to avoid hitting the automobile; that at that time the truck was near or at the crossing, and he did not see the plaintiff before on account of the position of the automobile; that when he saw the plaintiff he was only four or five feet away; that that was after the automobile had gone by; that he immediately applied his foot-brakes and put on the emergency; that the plaintiff had his side towards the truck, threw out his hands and was then struck by the truck; that the truck stopped within four or five feet.

It is urged for the defendant that whether his conduct was the proximate cause of the collision was a matter of law for the court; and that his motion for a

directed verdict should have been allowed. It is the rule that if there is evidence tending to show that the negligence alleged was the proximate cause of the injury, then the matter is one of fact to be submitted to the jury; but the question whether there is such evidence is one of law for the trial judge to decide. *Jenkins v. La Salle County Coal Co.,* 264 Ill. 238; *Curran v. Chicago & W. I. R. Co.,* 289 Ill. 111; *Seymour v. Union Stock Yards Co.,* 224 Ill. 579. In our judgment there was ample evidence tending to show that the negligent conduct of the defendant Henikoff was the proximate cause of the accident and that consequently, there was no error in submitting the evidence to the jury.

In support of the defendant's position, it is contended that the negligent conduct of the driver of the truck was such an intervening event as would break the connection between the wrong of defendant, Henikoff, and the injury. The language of the Supreme Court in *Illinois Cent. R. Co. v. Siler,* 229 Ill. 390, is as follows:

"Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence, and if they are such as might with reasonable diligence have been foreseen, the last result, as well as the first and every intermediate result, is to be considered, in law, as the proximate result of the first wrong cause. But whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer and except for which the final injurious consequence could not have happened, then, such injurious consequences must be deemed too remote to constitute the basis of the cause of action." *Sullivan v. Ohlhaver Co.,* 291 Ill. 359; *Housley v. Noblett,* 234 Ill. App. 59; *Jackson v. Burns,* 203 Ill. App. 196.

In *Pullman Palace Car Co. v. Laack,* 143 Ill. 242, 260, the court used the following language: "This is not to be understood as requiring that the particular result might have been foreseen, for if the consequences follow in unbroken sequence from the wrong to the injury, without an intervening efficient cause, it is sufficient if, at the time of the negligence, the wrongdoer might, by the exercise of ordinary care, have foreseen that some injury might result from his negligence."

In considering the conduct of the defendant, Henikoff, it will be seen that that conduct was in and of itself, according to the evidence for the plaintiff, the direct source of the swerving of the truck, to the left, out of its normal course and of the consequent collision with the plaintiff. When the automobile intercepted the truck it precipitated, almost immediately, the new motions of the truck, which resulted in the collision. The act of the driver of the truck, considering the situation, was entirely dependent upon the action of the defendant Henikoff. It may be true that both the driver of the truck and the defendant, Henikoff, were guilty of negligence, but it does not follow that the negligence of the driver of the truck exonerated the defendant Henikoff, for if the plaintiff was injured by the combined negligence of both parties he would have a cause of action against either or both. *St. Louis Bridge Co. v. Miller,* 138 Ill. 465; *American Exp. Co. v. Risley,* 179 Ill. 295; *Village of Carterville v. Cook,* 129 Ill. 153; *Elgin, A. & S. Tr. Co. v. Wilson,* 217 Ill. 47; *Siegel Cooper Co. v. Trcka,* 218 Ill. 559; *Walsh v. Chicago Rys. Co.,* 294 Ill. 586; *Hancock v. Steber,* 204 N. Y. Supp. 358; *Boggs v. Jewell Tea Co.,* 266 Pa. 428; *King v. San Diego Electric Ry. Co.,* 176 Cal. 266; *Hellan v. Supply Laundry Co.,* 94 Wash. 683; *Schilling v. Hayes,* 55 Cal. App. 1.

In the *Boggs* case, *supra,* the court said, page 433: "Defendant's negligence must be a proximate cause,

but not necessarily the sole cause, of the accident. Even conceding that the negligence of the chauffeur of the ambulance concurred with that of defendant's driver, of which there is slight if any evidence, it would not be a defense here. An action lies against either of joint or concurring wrong-doers. *Faust v. P. & R. Ry. Co.*, 191 Pa. 430; *Comey v. Phila Traction Co.*, 175 Pa. 133; *Mann v. Weiand*, 81 Pa. 244. So, if true, it is no defense here that the chauffeur, by the exercise of skill and judgment, might have averted the accident in spite of defendant's negligence. True, if the chauffeur as a subsequent independent act struck the deceased, the defendant would not be liable, but of that there was no sufficient evidence."

In the instant case the driver of the truck, instinctively, that is without conscious selection or without conscious aim, as a matter of expediency, and, so, doing the best he could under the circumstances, swerved to the left and almost at once collided with the plaintiff whom he had only just seen, and such being the case, it is only reasonable to conclude that there was no such interim between the conduct of the defendant driving the automobile in front of the truck and the conduct of the driver of the truck thereafter as to put the blame alone on the driver of the truck. Although the cutting in of the automobile preceded the collision of the truck with the plaintiff by some seconds, yet the motions of the automobile were so intimately related to those of the truck and the actual collision that as a practical matter the motions of both vehicles may well be considered contemporaneous, and, not only that, but as to the actual collision, as constituting the whole proximate cause.

It is further contended for the defendant that the trial judge erred in giving Instruction Number 3, which recited a portion of the Motor and Vehicle Statute of the state. In our judgment, that objection is

untenable. In *Deming v. City of Chicago,* 321 Ill. 341, the court, considering an instruction, said,

"Laying down the law in the words of the law itself ought not to be pronounced error. (*Greene v. Fish Furniture Co.,* 272 Ill. 148; *Mertens v. Southern Coal Co.,* 235 Ill. 540; *Mt. Olive Coal Co. v. Rademacher,* 190 Ill. 538.)" *Fannon v. Morton,* 228 Ill. App. 415; *Fisher v. Johnson,* 238 Ill. App. 25; *Ehrenheim v. Yellow Cab Co.,* 239 Ill. App. 403; *Van Meter v. Gurney,* 240 Ill. App. 165.

For the foregoing reasons, the judgment will be affirmed.

*Affirmed.*

HOLDOM and WILSON, JJ., concur.