From Francis B. Sellers, Carlisle, Pa.

## Gray v. Mill Creek Coal Company et al.

*A. D. Knittle, Willis M. Parnell* and *George M. Gerber*, for plaintiff.

*John F. Whalen, George M. Roads, M. M. Burke* and *Roscoe R. Koch*, for defendants.

KOCH, P. J., April 30, 1928.—From the statement of claim we glean the following, which must be assumed as facts:

The plaintiff resides in the Borough of Port Carbon and owns valuable real estate there which abuts on the Schuylkill River on the east, and the defendants are engaged in the mining and preparing of anthracite coal on the headwaters of said river and on Mill Creek and their respective tributaries. The channel of Mill Creek became obstructed by deposits of mine refuse, and the defendants, in 1923, cleaned out Mill Creek above its junction with the Schuylkill River and deposited said refuse in the bed of said river eastwardly of, and above, the plaintiff's property, thereby narrowing the said river to about half, or less than half, of its former width. For the purpose of transferring such deposit into the bed of the Schuylkill River, the defendants had a pumping station on the eastern bank of said river northwardly from the plaintiff's property. And a short distance southwardly from the pumping station the defendants erected a barrier, beginning at the east bank of the river and running diagonally southwestwardly over half way across the river. The barrier was made of upright timbers and posts several feet in height, and the effect thereof was to turn the current of the river from the

eastern bank toward the western bank. The barrier had disappeared when the statement of claim in this case was filed, but the effect of the barrier was the depositing of coal dirt and other material along the eastern bank of the river in the vicinity of the removed barrier, so that the current of the river has been permanently changed to its western bank. Coal dirt has been deposited in the bed of the Schuylkill River to such an extent by coal mining operations on the watersheds of said river and of said creek that it has raised the bed of the river four or more feet above its natural channel; and, owing to that fact and the narrowing of the river and the change of its course, the property of the plaintiff was flooded by said river on Sept. 30, 1924, and since that date the plaintiff's property has been repeatedly flooded by the overflow of the Schuylkill River and by seepage on to the lots and into the plaintiff's cellar in ordinarily high water. The waters of the river are heavily charged with coal dirt, and said dirt is deposited on the plaintiff's land, owing to the change in the channel which was made by the defendants, and thereby the plaintiff has been, and is, greatly damaged. And, also, the overflow on her property will occur on all occasions of high water, the conditions in the bed of said river being of a permanent nature. Plaintiff claims that her property, which had a value of $50,000, has been depreciated to the extent of $35,000. She also claims $5000 additional for damages done to heating apparatus and to personal property in the cellars of her houses and elsewhere on her property. And damages are claimed up to the date of the trial.

In the statement of claim it is also averred that the defendants have been, and are, respectively engaged in the business of mining and preparing anthracite coal for the market, and that they jointly and severally participated in cleaning out and removing said coal dirt from the said Mill Creek.

The affidavit of each defendant is very similar to the rest.. Briefly stated, it is therein averred that the statement of claim does not allege any fact which discloses any legal liability for the alleged damages suffered by the plaintiff; that there is no averment that the refuse material in Mill Creek was deposited there by the defendants or by any of them; that there is no averment of what acts were done severally and what acts were done jointly by the defendants; that such averments result in a misjoinder of parties and are vague, uncertain and ambiguous; that there is no averment that any of the defendants deposited any of the coal dirt in the bed of the river in the vicinity of the plaintiff's property so as to raise the river four or five feet, causing in part or in whole the plaintiff's damages; that there is no allegation as to when the coal dirt which raised the river-bed was deposited, nor by whom, and that none of the defendants are responsible for the tortious acts of any of the other co-defendants, it being alleged in said statement of claim that the defendants are severally engaged in conducting mining operations along the headwaters of said river and creek; that it is not alleged in said statement by whom or when the water of said river became heavily charged with coal dirt; and that there are no allegations of fact in the plaintiff's statement of claim which would warrant the recovery of permanent damages to the plaintiff's property from the defendants or from any of them.

When this case was argued, counsel for the defendants referred to a suit between the same parties which is now pending in this court, sitting in equity, to No. 2, March Term, 1925, in which suit, they allege, jurisdiction of all the subject-matter in this case has been taken. But the question of jurisdiction cannot be raised in that way. We may not take such judicial notice of a

case that we even know is pending in any of our courts: Steel *v.* Levy, 282 Pa. 338, 342. But "when once the jurisdiction has (thus) attached, equity will itself proceed to round out the whole circle of controversy, by deciding every other contention connected with the subject-matter of the suit, including the amount of damages to which plaintiff is entitled because of injuries theretofore sustained:" Gray *v.* Philadelphia & Reading Coal and Iron Co., 286 Pa. 11, 16. The question of jurisdiction may be raised at any time. So, if jurisdiction has been taken of this case on the equity side of this court, it may exclude our trial of the case at law, provided a proper pleading may be entered for the purpose. But as there is none now before us, we will dispose of the question of law on its merits.

This suit is brought for the recovery of consequential damages resulting from the narrowing of the channel by the building of a barrier in the Schuylkill River and diverting the flow of the water so as to work injury to the plaintiff's property by the flooding of the same on a particular date and also in ordinarily high water ever since that date. The suit is not brought to recover damages which resulted to the plaintiff by reason of any of the defendants' mining operations; the suit is brought to recover damages that are caused to the plaintiff's property by the washing thereon of mine refuse and other dirt which find their way from the Schuylkill River upon the property of the plaintiff by reason of the erection of a barrier in the river by the defendants when they cleaned out Mill Creek several years ago. The damages are claimed up to the date of trial because, every time when there is ordinarily high water, the plaintiff suffers from its effects on account of the erection of the said barrier. The channel of the river has been permanently changed and narrowed, and that permanent change in the channel often causes damages. The plaintiff's statement of claim contains unnecessary averments, but they are not up for consideration under the present state of the pleadings.

The plaintiff's pleading is not bad because it happens to say that, in the year 1923, the defendants jointly and severally participated in cleaning out and removing coal dirt from Mill Creek and depositing the same in the Schuylkill River and narrowing the river channel to about half, or less than half, of its former width by the building of a barrier therein. It is immaterial whether the defendants acted separately or by concert, or whether they acted wholly independently of each other, when they participated in cleaning out and removing coal dirt from said Mill Creek above its junction with the Schuylkill River and depositing the same in the bed of the Schuylkill, by which deposit the bed of the river was narrowed to about one-half, or less than one-half, of its former width.

The proportionate part of the contribution of any one of the defendants to the creation of the nuisance is not material. For suit may be maintained against any one or against all jointly: Comey *v.* Philadelphia Traction Co., 175 Pa. 133. If the defendants narrowed the channel so as to render its capacity insufficient to carry the overflow of water, they are liable for the resulting damages: Haus *v.* Bethlehem, 134 Pa. 12; Miskel *v.* Lehigh Valley Coal Co., 85 Pa. Superior Ct. 357. In constructing the barrier, it was not necessary that the defendants should act in concert to become joint tortfeasors. They became joint tortfeasors by the result that their individual acts taken together created; and if any of the defendants are not liable for any such acts, they may be relieved when the discovery is made upon the trial of the case: Act of June 29, 1923, P. L. 981.

The question of law is decided against the defendants.